**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

JAMES VAUGHN NORBURY,
            *Defendant-Appellant.*

No. 06-30328

D.C. No.
CR-05-00022-1-
CCL

OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted
February 7, 2007—Seattle, Washington

Filed June 25, 2007

Before: Robert R. Beezer, Raymond C. Fisher, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Beezer

**COUNSEL**

Monte Jewell, Missoula, Montana, for the defendant-appellant.

Joshua S. Van de Wetering, Assistant United States Attorney, for the plaintiff-appellee.

**OPINION**

BEEZER, Circuit Judge:

Defendant James Vaughn Norbury appeals his conviction and sentence for four methamphetamine-related counts. Nor-

bury contends that insufficient evidence supports his conviction and that the district court improperly enhanced his sentence under 21 U.S.C. § 841 based on a prior conviction.

We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

I

In October 2005, Norbury was charged with (1) conspiracy to distribute methamphetamine, (2) conspiracy to possess methamphetamine with intent to distribute, (3) attempted possession of methamphetamine with intent to distribute and (4) distribution of methamphetamine.

The case proceeded to trial in February 2006. The evidence introduced by the government included testimony from several cooperating witnesses and a detective from the Missouri River Drug Task Force. Cooperating witness Tracey Reinke testified that she often obtained methamphetamine from Norbury. Reinke saw Norbury receive a dealer's amount, which is a pound or more, of methamphetamine from another dealer on two occasions. Reinke further testified that sometimes Norbury was "fronted" methamphetamine, which means he did not have to pay the purchase price until he sold the methamphetamine to others.

Cooperating witness Nesha Hoffman testified that she received money from Norbury which she delivered to a methamphetamine dealer on Norbury's behalf. Cooperating witness Christie Staudenmeyer testified that she received small amounts of methamphetamine from Norbury numerous times. On one occasion, she sold two pounds of methamphetamine to Norbury. Staudenmayer also saw Norbury buy the drug from another dealer a few times and believed Norbury was partially fronted the amount of drugs received.

Jody Seyler testified that she arranged to sell methamphetamine to a man named Tim Heick. At that time Seyler was

already cooperating with law enforcement agents, who monitored the transaction. Seyler met Heick at an agreed upon location, and Norbury was present. Norbury gave Seyler a bag containing $19,000 in exchange for over a pound of methamphetamine. Norbury told Seyler that he could sell two to four pounds of methamphetamine a week if she provided him with that amount. Law enforcement videotaped the transaction, but the tape did not have audio and the images were difficult to see. During trial, Seyler identified the individuals portrayed on the videotape and explained the events.

After the government rested, Norbury moved for a judgment of acquittal based on insufficient evidence. The district court denied the motion. The jury convicted Norbury on all four counts. At the sentencing hearing on May 19, 2006, Norbury objected to an enhanced mandatory minimum sentence of 20 years imprisonment based on his 1989 felony state drug conviction. The district court overruled Norbury's objection and imposed a sentence of 20 years imprisonment as to each count of conviction, to be served concurrently. Norbury timely appealed on May 19, 2006.

## II

Norbury argues that the district court should have granted his motion for acquittal because insufficient evidence supported his conviction. We review de novo a district court's decision to deny a motion for acquittal. *United States v. Bhagat*, 436 F.3d 1140, 1145 (9th Cir. 2006). Sufficient evidence supports a conviction if, considering the evidence in the light most favorable to the government, "any reasonable juror could have found the essential elements of the offense beyond a reasonable doubt." *Id.* at 1148.

[1] Norbury contends that insufficient evidence supports his conviction because the videotape of a drug transaction introduced at trial lacked sound and had poor image quality. Norbury's argument ignores the voluminous testimony

against him by several witnesses, including Seyler who was present at the recorded drug transaction. Based on the evidence presented, a rational juror could have found Norbury guilty of the crimes charged.[1] The district court properly denied Norbury's motion for acquittal.

## III

Norbury argues that the district court erred in enhancing his sentence under 21 U.S.C. § 841 based on a prior conviction because the conviction was later dismissed with prejudice by the state court. The construction or interpretation of a statute is a question of law that we review de novo.[2] *United States v. Cabaccang*, 332 F.3d 622, 624-25 (9th Cir. 2003) (en banc).

[2] Section 841 increases the punishment for a federal drug offense if the crime occurs "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(A)-(D). Whether a defendant's prior state conviction was a "conviction" within the meaning of a federal statute is a question of federal, not state, law unless Congress

---

[1]Norbury also argues that he was prejudiced by the videotape even though it allegedly did not support any elements of a crime. He asserts that the tape "conveyed a veneer of credibility which the government witnesses would have otherwise lacked." His argument amounts to an evidentiary objection to the tape's admissibility. *See* Fed. R. Evid. 403 (relevant evidence may be excluded if danger of unfair prejudice substantially outweighs probative value). The issue is not preserved on appeal, however, because Norbury did not object to the tape's admissibility at trial and has not shown manifest injustice. *See United States v. Archdale*, 229 F.3d 861, 864-65 (9th Cir. 2000).

[2]Norbury cites 21 U.S.C. § 851(c)(1) and asserts that the government has the burden to establish a prior conviction beyond a reasonable doubt. The government's burden of proof under § 851 is irrelevant in this case. Section 851(c)(1) requires the government to prove "any issue of fact" when a defendant challenges the validity or underlying facts of a prior conviction. The fact of Norbury's prior conviction and subsequent dismissal are not in dispute. The issue before us is legal and involves whether a dismissed conviction qualifies as a prior conviction under § 841.

provides otherwise. *See Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111-12 (1983), *superseded in part by* 18 U.S.C. § 921(a)(20). The Supreme Court addresses federal gun control statutes in *Dickerson*, but the Court's rationale for applying federal law to the meaning of "conviction" applies equally to federal drug statutes: "This makes for desirable national uniformity unaffected by varying state laws, procedures, and definitions of 'conviction.' " 460 U.S. at 112.

**[3]** Three years after the Supreme Court's *Dickerson* decision, Congress amended the gun control statutes to provide that the term "conviction" for a firearm offense "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). By contrast, Congress did not amend the drug statutes to indicate that the definition of "conviction" depends on anything other than federal law. *See* 21 U.S.C. §§ 802 (definitions), 841. The meaning of the term "conviction" in § 841 therefore remains a question of federal law. *See Dickerson*, 460 U.S. at 111-12; *United States v. McAllister*, 29 F.3d 1180, 1185 (7th Cir. 1994) (federal law still applies to meaning of "conviction" in drug statutes even though Congress disapproved of applying *Dickerson* to gun control statutes); *United States v. Gomez*, 24 F.3d 924, 930 (7th Cir. 1994) (language of § 841 does not suggest that definition of "conviction" depends on state law).

**[4]** An expunged or dismissed state conviction qualifies as a prior conviction if the expungement or dismissal does not alter the legality of the conviction or does not represent that the defendant was actually innocent of the crime. *See Dickerson*, 460 U.S. at 115. Our sister circuit courts that have addressed the issue agree that a deferred, expunged or dismissed state conviction qualifies as a prior conviction under § 841. *See, e.g.*, *United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir. 1997) (involving deferred adjudication); *United States v. Mejias*, 47 F.3d 401, 402 (11th Cir. 1995) (involving nolo contendere plea and withheld adjudication); *Gomez*, 24 F.3d at 927-28 (involving expunged and dismissed convic-

tion); *United States v. Meraz*, 998 F.2d 182, 183 (3d Cir. 1993) (involving conviction's dismissal with prejudice under deferral statute); *United States v. Campbell*, 980 F.2d 245, 250 (4th Cir. 1992) (involving probation sentence under state deferral statute).

**[5]** Norbury argues that a dismissal differs from expungement and alters the legality of a prior conviction by invalidating the underlying charges. We disagree. The legality of a conviction does not depend upon the mechanics of state postconviction procedures, but rather involves the conviction's underlying lawfulness. *See Dickerson*, 460 U.S. at 115 (stating as examples that conviction's legality may be affected by actual innocence or trial error). Moreover, an exception for dismissals could result in significantly different minimum sentences for otherwise similarly situated defendants who committed prior offenses in different states. *See id.* at 120 (mechanics of postconviction state actions "vary widely from State to State"); *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (recognizing that " 'expungement' may mean different things in different states").

**[6]** Norbury asserts that the dismissal with prejudice of his state conviction amounts to a determination that the crime never occurred or that he was in fact innocent. The record does not support Norbury's assertion. The order to dismiss is based on Norbury's compliance "with the terms and conditions of the April 5th, 1989, Sentence and Judgment in this matter." The dismissal neither alters the legality of the conviction nor indicates that Norbury was actually innocent of the crime. The district court properly concluded that Norbury's dismissed state conviction qualifies as a prior conviction under 21 U.S.C. § 841.

**AFFIRMED.**