# In re Jharfvan Jose THOMAS, Respondent

### File 44 134 844 - Miami

*Decided December 13, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's 2003 Florida offense involving the simple possession of marijuana does not qualify as an "aggravated felony" by virtue of its correspondence to the Federal felony of "recidivist possession," even though it was committed after a prior "conviction" for a "drug, narcotic, or chemical offense" became "final" within the meaning of 21 U.S.C. § 844(a) (2000), because the respondent's conviction for that 2003 offense did not arise from a State proceeding in which his status as a recidivist drug offender was either admitted or determined by a judge or jury. *Matter of Carachuri-Rosendo*, 24 I&N Dec. 382 (BIA 2007), followed.

FOR RESPONDENT: Jose Debs-Elias, Esquire, Jacksonville, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Michael A. Mansfield, Assistant Chief Counsel

BEFORE: Board Panel: OSUNA, Acting Chairman; and FILPPU, Board Member. Concurring and Dissenting Opinion: PAULEY, Board Member.

FILPPU, Board Member:

The respondent appeals from an Immigration Judge's September 5, 2007, decision pretermitting his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000), and ordering him removed from the United States as an alien convicted of an aggravated felony and a controlled substance violation under sections 237(a)(2)(A)(iii) and (B)(i) of the Act, 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (B)(i) (2000), respectively. The Department of Homeland Security ("DHS") opposes the appeal. The appeal will be sustained in part and the record will be remanded to the Immigration Judge for further proceedings.

## I. BACKGROUND

The respondent is a native and citizen of Jamaica and a lawful permanent resident of the United States. On July 8, 2002, the respondent pled guilty in

the Circuit Court for Duval County, Florida, to possessing cocaine in violation of section 893.13(6)(a) of the Florida Statutes. Upon entry of the respondent's plea, the sentencing judge withheld adjudication of his guilt and placed him on probation for 60 days. On August 28, 2003, the respondent appeared once again before the Duval County Circuit Court and entered a plea of nolo contendere to a charge that he possessed less than 20 grams of marijuana in violation of section 893.13(6)(b) of the Florida Statutes, based on an offense committed that same day. The trial court adjudged him guilty of that offense and ordered him to pay fines.

On the basis of the aforementioned convictions, the Immigration Judge determined that the respondent was deportable as charged and ineligible for cancellation of removal because he failed to demonstrate that he "has not been convicted of any aggravated felony," as required by section 240A(a)(3) of the Act. Specifically, the Immigration Judge determined that the respondent's 2003 conviction for marijuana possession was an "aggravated felony" conviction under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2000), because it was predicated on an offense that was committed after his prior "conviction" for cocaine possession had become final, thereby qualifying it as a State-law counterpart to the Federal felony offense of "recidivist possession" defined at 21 U.S.C. § 844(a) (2000).

On appeal, the respondent challenges the Immigration Judge's determination that he stands convicted of an aggravated felony.[1] In particular, the respondent invokes our precedent decision in *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995), and argues that his 2002 conviction does not constitute a valid factual predicate for an aggravated felony determination because it was expunged pursuant to a State rehabilitative procedure akin to that prescribed by the Federal First Offender Act. The DHS opposes the appeal and urges us to affirm the Immigration Judge's decision without separate opinion.

## II. ISSUE

The issue on appeal is whether the respondent's 2003 Florida offense of marijuana possession qualifies as an "aggravated felony" by virtue of its correspondence to the Federal felony offense of "recidivist possession."

## III. ANALYSIS

Section 101(a)(43) of the Act defines the term "aggravated felony" to include a "drug trafficking crime" under 18 U.S.C. § 924(c) (2000), "whether in

---

[1] The respondent's motion to accept his late-filed brief is granted in the exercise of discretion.

violation of Federal or State law." In turn, 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." The United States Supreme Court recently interpreted this statutory language and held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, 127 S. Ct. 625, 633 (2006). Thus, for a State drug offense to qualify as a "drug trafficking crime" and, by extension, an "aggravated felony," it must correspond to an offense that carries a maximum term of imprisonment exceeding 1 year under the Controlled Substances Act ("CSA"). *Id.* at 631 & n.7.

The respondent entered pleas on two separate occasions to State-law offenses involving the simple possession of controlled substances. Although simple possession offenses typically proscribe conduct punishable as a Federal misdemeanor, the Supreme Court acknowledged in *Lopez v. Gonzales*, *supra*, that "[t]hose state possession crimes that correspond to felony violations of [the CSA], such as . . . recidivist possession, clearly fall within the [aggravated felony definition]." *Id.* at 630 n.6 (emphasis added) (citation omitted). The Federal offense of "recidivist possession" is defined, in pertinent part, at 21 U.S.C. § 844(a):

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . . Any person who . . . commits such offense after . . . a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, shall be sentenced to a term of imprisonment for . . . not more than 2 years . . . .

The respondent's 2003 Florida marijuana possession offense arguably possesses many characteristics of a Federal "recidivist possession" felony. Like 21 U.S.C. § 844(a), Florida law requires proof beyond a reasonable doubt that possession of a controlled substance was "knowing," *Garcia v. State*, 901 So. 2d 788, 793 (Fla. 2005), and both the CSA and Florida law define the concept of "possession" to encompass both actual and constructive possession. *Compare United States v. Cooper*, 203 F.3d 1279, 1286 (11th Cir. 2000), *with Lester v. State*, 891 So. 2d 1219, 1220-21 (Fla. Dist. Ct. App. 2005). Moreover, in July 2002 the respondent was sentenced to probation after entering a guilty plea to a charge of cocaine possession, a "drug, narcotic or chemical offense" under 21 U.S.C. § 844(c).[2] And the respondent's

_____

[2] A "drug, narcotic or chemical offense" includes "any offense which proscribes the possession . . . [of] any substance the possession of which is prohibited under this subchapter." 21 U.S.C. § 844(c). Cocaine, the substance at issue in the respondent's 2002

(continued...)

subsequent marijuana possession offense was committed in August 2003, long after the July 2002 judgment imposing probation became "final" by virtue of the expiration of the 30-day appeal period prescribed by Florida's Rules of Appellate Procedure. Fla. R. App. P. Rule 9.140(b)(3); *see also United States v. Brazel*, 102 F.3d 1120, 1163 (11th Cir. 1997) (holding that a prior conviction is "final" for purposes of the CSA's recidivism provisions when all avenues of direct appellate attack have been exhausted (citing *United States v. Lippner*, 676 F.2d 456, 467 (11th Cir. 1982))).[3]

Finally, although the trial court withheld adjudication of the respondent's guilt in connection with his 2002 cocaine possession offense and placed him on probation, the United States Court of Appeals for the Eleventh Circuit–in whose jurisdiction this proceeding arises–holds that a plea to a felony drug charge under Florida law constitutes a valid prior "conviction" for purposes of the CSA's recidivism provisions, even if the trial court withheld adjudication of guilt. *United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995). The Immigration Judge determined that the respondent's 2002 conviction had never been set aside, but the respondent claims on appeal that the conviction was, in fact, expunged upon his successful completion of probation.[4] We are unaware of any controlling Eleventh Circuit precedent on the question whether a conviction that has been expunged for rehabilitative purposes qualifies as a valid prior conviction under the CSA. However, every other Federal court of appeals to have addressed the question has concluded that a withheld or deferred adjudication remains a valid prior conviction under the CSA's

---

(...continued)

prosecution, is such a "substance the possession of which is prohibited under [21 U.S.C. § 844(a)]." *See* 21 U.S.C. § 812, Schedule II(a)(4) (2000) (listing "cocaine" as a "Schedule II" controlled substance).

[3] Under Florida law, a criminal judgment imposing probation is appealable, whether or not the sentencing court withheld adjudication of guilt. Fla. R. App. P. Rule 9.140(b)(1)(C).

[4] The respondent contends that the 2002 conviction has therefore been vitiated for immigration purposes pursuant to *Matter of Manrique*, *supra*. It is well settled, however, that *Matter of Manrique*, *supra*, was superseded by Congress's enactment of a statutory definition for the term "conviction," set forth at section 101(a)(48)(A) of the Act. *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1268-72 (11th Cir. 2004); *Matter of Salazar*, 23 I&N Dec. 223, 225 (BIA 2002). Thus, even if expunged, the respondent's 2002 conviction constitutes a valid factual predicate for the section 237(a)(2)(B)(i) charge in its own right. With respect to the aggravated felony determination, moreover, the relevant question is not whether the respondent's 2002 conviction is effective for *immigration* purposes, but rather whether it constitutes a valid prior conviction *under the CSA's recidivism provisions*, such that it transforms his subsequent marijuana possession offense into the counterpart of a Federal felony.

recidivism provisions even if the underlying prosecution or conviction was expunged pursuant to a State's rehabilitative procedures. *See United States v. Norbury*, 492 F.3d 1012, 1014-15 (9th Cir. 2007); *United States v. Miller*, 434 F.3d 820, 824 (6th Cir. 2006); *United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003); *United States v. Cisneros*, 112 F.3d 1272, 1280-81 (5th Cir. 1997); *United States v. Meraz*, 998 F.2d 182, 184-85 & n.2 (3d Cir. 1993).[5] These circuit court decisions are consistent with, and to a large extent derived from, the Supreme Court's decision in *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103 (1983), in which the Court held that Federal firearms disabilities applied with respect to any person who pled guilty to a State offense punishable by imprisonment for more than 1 year, even if the record of the State criminal proceeding was subsequently expunged following a successfully served term of probation. *Id.* at 115 (holding that "expunction under state law does not alter the historical fact of the conviction, . . . does not alter the legality of the previous conviction[,] and does not signify that the defendant was innocent of the crime to which he pleaded guilty").[6] Thus, even if we assume for purposes of appeal that the respondent's 2002 cocaine possession conviction was expunged as he contends, it does not appear that such an expunction would preclude the conviction from qualifying as a valid prior conviction under the CSA.

   The foregoing facts appear to reflect that the respondent could have sustained a "recidivist possession" conviction had he been prosecuted federally. Nevertheless, we conclude that he has not been convicted of an aggravated felony because his 2003 marijuana possession offense did not

---

[5] We emphasize that a conviction that is dismissed or expunged for rehabilitative purposes is fundamentally different from one that has been vacated on the merits. A conviction that has been reversed on direct appeal, or vacated based on a determination of trial error or actual innocence, cannot be used as a factual predicate for a recidivist enhancement under the CSA because such a vacatur affects the "underlying lawfulness" of the original judgment. *United States v. Norbury*, *supra*, at 1015; *see also United States v. Cousins*, 455 F.3d 1116, 1127 (10th Cir.) (holding that a State drug conviction was entered in violation of the defendant's Sixth Amendment right to counsel and therefore could not be used as a basis for a recidivist enhancement under the CSA), *cert. denied*, 127 S. Ct. 162 (2006).

[6] The particular Federal statutes construed by the *Dickerson* Court were later amended to exclude expunged convictions and to provide that the existence of a prior "conviction" depended on State rather than Federal law. *See* Firearms Owners Protection Act, Pub. L. No. 99-308, § 101(5), 100 Stat. 449, 449-50 (1986) (amending 18 U.S.C. § 921(a)(20)). However, the Federal courts of appeals–including the Eleventh Circuit–continue to apply the rationale of *Dickerson* in the CSA context. *See United States v. Smith*, 96 F.3d 1350, 1351 (11th Cir. 1996) (per curiam); *United States v. Mejias*, *supra*, at 403-04; *see also United States v. Norbury*, *supra*, at 1014-15; *United States v. Miller*, *supra*, at 824.

proscribe conduct punishable as a felony under the CSA. In *Matter of Carachuri-Rosendo*, 24 I&N Dec. 382, 393-94 (BIA 2007), we held that whether a State drug offense constitutes an "aggravated felony" by virtue of its correspondence to the Federal felony of "recidivist possession" is a criminal law question that must be determined in accordance with the decisional authority of the Supreme Court and the relevant Federal circuit court of appeals, where such authority exists. We also indicated, however, that in removal proceedings arising in circuits that have not yet had occasion to announce any binding precedent on the "recidivist possession" issue, we would not treat an alien's State conviction for simple possession of a controlled substance as an aggravated felony on the basis of recidivism unless the alien's status as a recidivist drug offender was either admitted by the alien or determined by a judge or jury in connection with his prosecution for that simple possession offense. *Id.* at 391, 394. The present appeal is controlled by *Matter of Carachuri-Rosendo*, *supra.*

The Eleventh Circuit has not yet issued any precedent decision with respect to the "recidivist possession" issue, and therefore we must resolve the question independently, keeping in mind that our resolution is provisional and not entitled to deference by the Eleventh Circuit. As noted previously, *Matter of Carachuri-Rosendo*, *supra*, at 391, 394, provides that a State simple possession offense will not be considered an aggravated felony on the basis of recidivism, even if committed after a prior conviction for a "drug, narcotic or chemical offense" has become final, absent proof that the conviction alleged to be an aggravated felony resulted from a State proceeding in which the respondent's status as a recidivist drug offender was either admitted or determined by a court or jury. The administrative record in the present case contains a transcript of the respondent's trial and sentencing for his August 2003 marijuana possession offense, and this transcript contains no indicia that the trial judge subjected the respondent to increased punishment based on a determination that he was a recidivist drug offender. Indeed, the record does not reflect that the trial judge was even aware of the respondent's earlier conviction for cocaine possession when he imposed sentence for the subsequent marijuana possession offense. And in any event, it is not clear that Florida law provides any recidivist enhancement mechanism for such simple possession offenses. *See Coleman v. State*, 927 So. 2d 1048 (Fla. Dist. Ct. App. 2006) (holding that section 775.084(1)(a)(3) of the Florida Statutes precludes habitual felony offender sentencing on the basis of drug possession offenses (citing *Virgil v. State*, 884 So. 2d 373, 373-74 (Fla. Dist. Ct. App. 2004))). Thus, because the respondent's marijuana possession conviction did not result from a State proceeding in which his status as a recidivist drug offender was either admitted or determined by a judge or jury, *Matter of Carachuri-Rosendo*, *supra*, dictates that it does not qualify as a conviction for

a "drug trafficking crime" under 18 U.S.C. § 924(c)(2) or an "aggravated felony" under section 101(a)(43)(B) of the Act, absent controlling precedent to the contrary.

## IV.  CONCLUSION

The Eleventh Circuit has not yet had occasion to decide whether, or under what circumstances, a State simple possession offense qualifies as an aggravated felony by virtue of its correspondence to the Federal felony offense of "recidivist possession," as recognized by the Supreme Court in *Lopez v. Gonzales*, *supra*, at 630 n.6.  Accordingly, applying our precedent in *Matter of Carachuri-Rosendo*, *supra*, we conclude that the respondent's 2003 Florida offense of simple possession of marijuana does not correspond to "recidivist possession," despite the fact that the underlying offense was committed after a prior conviction for a "drug, narcotic, or chemical offense" had become final, because the record does not reflect that the 2003 conviction arose from a State proceeding in which the respondent's status as a recidivist drug offender was either admitted or determined by a judge or jury.  Therefore, the respondent has not been convicted of an "aggravated felony" that would support either the charge of deportability under section 237(a)(2)(A)(iii) of the Act or the bar to eligibility for cancellation of removal set forth at section 240A(a)(3).  The respondent remains deportable under section 237(a)(2)(B)(i) of the Act, but it appears that he may now be statutorily eligible for cancellation of removal. Accordingly, the record will be remanded to the Immigration Judge for further proceedings.

**ORDER:**  The appeal is sustained in part and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

*CONCURRING AND DISSENTING OPINION*:  Roger A. Pauley, Board Member

I concur in the majority's able discussion showing that the respondent's 2002 criminal proceeding for cocaine possession in which his guilt was withheld constitutes a "conviction" for purposes of the Controlled Substances Act's recidivism provisions (as well as under the Immigration and Nationality Act). However, I respectfully dissent from the majority's holding that, notwithstanding the respondent's two convictions for drug possession offenses in Florida State courts, the latter of which was committed after the first conviction became final, the Immigration Judge erred in finding that the second conviction was for an aggravated felony.  The Immigration Judge properly determined under *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), that the

respondent's second offense qualifies as an aggravated felony because it *could* have been prosecuted as a Federal felony under 21 U.S.C. § 844(a) (2000), assuming the Federal prosecutor elected to charge the respondent as a recidivist under the procedures found at 21 U.S.C. § 851 (2000). *See Matter of Carachuri-Rosendo*, 24 I&N Dec. 382, 394 (BIA 2007) (Pauley, concurring); *see also United States v. Pacheco-Diaz*, 506 F.3d 545 (7th Cir. 2007) (treating a criminal defendant's second conviction for marijuana possession as an aggravated felony conviction for sentence enhancement purposes because he would have been eligible for a recidivist enhancement under § 844(a) had he been prosecuted federally).

The majority's decision is hardly surprising as it was presaged in *Matter of Carachuri-Rosendo*, *supra*. Nevertheless, its decision is incorrect. The majority concedes that the respondent has two valid convictions for drug possession offenses that meet the timing and finality requirements for felony treatment set forth in 21 U.S.C. § 844(a). It also concedes that it "is not clear that Florida law provides any recidivist enhancement mechanism" for simple possession drug offenses. *Matter of Thomas*, 24 I&N Dec. 416, 421 (BIA 2007). Its holding that, nonetheless, the respondent's second conviction fails to qualify as an aggravated felony conviction under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2000), solely because he was not charged as a recidivist under State law constitutes a policy-driven conclusion that is not supported by either the statutes at issue or the Supreme Court's interpretation of them in *Lopez v. Gonzales*, *supra*. While I am sympathetic to the policy concerns that appear to have contributed to the majority's conclusion, such concerns are not relevant to our task, and I cannot therefore subscribe to the majority's creative engineering that "invents" a statute not of Congress's making, but of its own.