**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lucille Mae MORSE, Defendant–**
**Appellant.**

**No. 06–30636.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 2008.

Filed Jan. 18, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

James E. Seykora, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Larry Jent, Esq., Bozeman, MT, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM *

In this appeal, Lucy Morse challenges the sentencing enhancement based on a prior conviction, the warrant to search her home, and her underlying jury conviction.

■ The district court could properly enhance Morse's sentence as it did under 21 U.S.C. § 841(b). Her deferred sentence for fraudulently obtaining dangerous drugs did not affect the "conviction's underlying lawfulness." [1] Moreover, a deferred sentence does not amount "to a determination that the crime never occurred or that [she] was in fact innocent." [2]

Morse's sentence did not violate the Eighth Amendment's prohibition against cruel and unusual punishment because her sentence enhancement was not "grossly disproportionate" to her crime.[3]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *United States v. Norbury,* 492 F.3d 1012, 1015 (9th Cir.2007).

2. *Id.*

3. *See Ewing v. California,* 538 U.S. 11, 23, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003).

■ The district court followed the proper procedures outlined in 21 U.S.C. § 851(b) for enhancing Morse's sentence. The district court gave Morse "the opportunity to deny the prior conviction," and "[t]hat is all [this] statute requires."[4] Also, the prior conviction used to enhance Morse's sentence was over twenty-five years old, well past the five-year period for challenging prior convictions under § 851(e).

■ The warrant to search Morse's home was supported by probable cause. Under the totality of the circumstances, information from two controlled drug buys made by a reliable and accurate confidential informant, and claims from two individuals that Lucy sold them drugs, created a sufficient basis for probable cause.[5]

Morse did not make a substantial preliminary showing that the affidavit supporting the warrant to search her car deliberately or recklessly included false statements or omitted material statements to entitle her to a *Franks* hearing.[6] Morse did not show that police lied about the methamphetamine field test, and she did not show that the K–9 sniff test was affected by the presence of her own dogs.

Morse's conviction for Count VI, which was based on an aiding and abetting theory, was supported by sufficient evidence. Mark Butler's testimony provided enough information for a rational trier of fact to find the essential elements of aiding and abetting possession with intent to distribute methamphetamine beyond a reasonable doubt.[7]

■ The variance between the date of the indictment and the date the crime occurred is "not of a character which could have misled the defendant at trial, and there is no danger of double jeopardy."[8] Therefore, the variance between indictment and proof is immaterial.[9]

AFFIRMED.

---

**4.** *See United States v. Harris*, 592 F.2d 1058, 1061 (9th Cir.1979).

**5.** *See United States v. Chavez–Miranda*, 306 F.3d 973, 978 (9th Cir.2002).

**6.** *See United States v. Meek*, 366 F.3d 705, 716 (9th Cir.2004).

**7.** *See United States v. Perlaza*, 439 F.3d 1149, 1173 (9th Cir.2006).

**8.** *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir.1997) (internal quotations and citations omitted).

