**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Gilbert Oliva DIAZ, aka Chaparro, aka Gilberto Oliva, Defendant–
Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Arturo Cruz, aka Art, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Alberto Hernandez, aka Cruiser, aka
Sugar, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Jose Gonzalez, aka Black, aka Negro,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Noe Gonzalez, aka Lil Black,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Manuel Hernandez, aka Frog,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Jesse Vasquez, aka Pelon,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Francisco Flores, aka Lil Frank,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Luis A. Aguilar, aka Woody,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Cesar Dela Cruz, aka Thumper,
Defendant–Appellant.

Nos. 10–50029, 10–50052, 10–50058, 10–
50059, 10–50062, 10–50064, 10–50072,
10–50076, 10–50113, 10–50115.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2015.

Filed April 20, 2016.

Karen Landau (argued), Oakland, CA, for Defendant–Appellant Manuel Hernandez.

Ethan Balogh (argued) and Jay Nelson, Coleman, Balogh & Scott LLP, San Francisco, CA, for Defendant–Appellant Jesse Vasquez.

Kenneth Reed, Santa Ana, CA, for Defendant–Appellant Gilbert Oliva Diaz.

Verna Wefald, Pasadena, CA, for Defendant–Appellant Arturo Cruz.

Wayne Young, Santa Monica, CA, for Defendant–Appellant Alberto Hernandez.

David Philips, Riverside, CA, for Defendant–Appellant Jose Gonzalez.

Thomas Wolfsen, Orange, CA, for Defendant–Appellant Noe Gonzalez.

Holly Sullivan, San Diego, CA, for Defendant–Appellant Francisco Flores.

Michael Khouri, Khouri Law Firm, Irvine, CA, for Defendant–Appellant Luis A. Aguilar.

Robison Harley, Santa Ana, CA, for Defendant–Appellant Cesar Dela Cruz.

Elana Shavit Artson (argued), Allison Westfahl Kong, and Robert Dugdale, Assistant United States Attorneys; Stephanie Yonekura, Acting United States Attorney; United States Attorney's Office, Los Angeles, CA, for Plaintiff–Appellee.

Before: JEROME FARRIS, JAY S. BYBEE, and N. RANDY SMITH, Circuit Judges.

**OPINION**

BYBEE, Circuit Judge:

Jesse Vasquez was a mid-level leader in the Florencia Trece gang who was convicted of drug-related crimes for his part in the gang's drug trafficking operations. The district court sentenced Vasquez to life imprisonment because his two prior California felonies qualified him for a mandatory sentence enhancement under 21 U.S.C. § 841.

Four years after Vasquez's sentencing, California adopted Proposition 47, which allowed California courts to reclassify certain felony convictions as misdemeanor convictions. Vasquez successfully petitioned a California court to reclassify one of his prior California felonies—on which his federal enhancement was based—as a misdemeanor. Vasquez now argues that his federal enhancement should be invalidated because he no longer stands convicted of two prior felonies as § 841 requires.[1]

We have previously held that a state granting post-conviction relief from a *state* conviction cannot undermine a *federal* sentence enhancement based on that conviction. We have upheld this rule even where a state dismisses or expunges the underlying state conviction the federal enhancement is based on. We see no reason to treat a change to the felony-status of Vasquez's prior conviction any differently than we would a dismissal of his prior conviction. We therefore affirm.

1. Other issues raised in this case are addressed in a memorandum disposition filed concurrently with this opinion.

2. Vasquez's petition, and the Superior Court's action, took place between the time the district court rendered Vasquez's sentence and his appeal was heard by this court. Vasquez

**I**

In 2007, Vasquez was charged with multiple counts of racketeering and drug related crimes. Shortly after, the United States filed an information alleging that Vasquez qualified for a sentence enhancement under the Controlled Substances Act, 21 U.S.C. § 841, because of his two prior felony drug convictions—one of which was a 1996 conviction under California Health and Safety Code section 11350(a) for possession of a controlled substance. In 2009, Vasquez was convicted. At sentencing in 2010, the district court imposed life imprisonment, a sentence mandated under 21 U.S.C. § 841(b)(1)(A) because of Vasquez's "prior [California] convictions for a felony drug offense."

In November 2014, California voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act." Cal.Penal Code § 1170.18 (codifying Proposition 47); *see People v. Rivera*, 233 Cal.App.4th 1085, 183 Cal.Rptr.3d 362, 363 (2015). Among other things, Proposition 47 reduced future convictions under section 11350(a) from a felony to a misdemeanor. Proposition 47 also permits previously-convicted defendants to petition the court for a "recall of sentence," which, if granted, would effectively reclassify their qualifying felonies as misdemeanors. *See* Cal.Penal Code section 1170.18(a). In February 2015 Vasquez did just that: He successfully petitioned the Los Angeles County Superior Court to recall his 1996 felony conviction, and the court resentenced him to a misdemeanor.[2]

filed a supplemental brief on the issue and asked the panel to consider it as part of his appeal. The government responded on the merits, but also suggested that the panel should remand this question because it was not raised below. Because this issue has arisen while the appeal is pending, and because it is a legal question which has been fully

Proposition 47's new statutory changes provide that "[a]ny felony conviction that is recalled and resentenced ... or designated as a misdemeanor ... shall be considered a misdemeanor for all purposes." Cal.Penal Code section 1170.18(k). However, the court need not recall a felony sentence if it finds, in its discretion, that re-classifying the defendant would pose an unreasonable danger to the community. Cal.Penal Code section 1170.18(b). The statute also provides that "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." Cal.Penal Code section 1170.18(n).

## II

Section 841 imposes a mandatory life sentence if a defendant committed his federal crime "after two or more prior convictions for a felony drug offense." 21 U.S.C. § 841(b)(1)(A). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country." 21 U.S.C. § 802(44). Vasquez argues that because he successfully petitioned to have his 1996 conviction redesignated as a misdemeanor, that conviction no longer counts as a prior *felony* conviction for purposes of § 841. We disagree.

■ Federal law, not state law, governs our interpretation of federal statutes. *See United States v. Norbury*, 492 F.3d 1012, 1014 (9th Cir.2007) ("Whether a defendant's prior state conviction was a 'conviction' [within the meaning of § 841] is a question of federal, not state, law."); *see*

also *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983) (noting that consulting federal law to determine the meaning of "convicted" "makes for desirable national uniformity unaffected by varying state laws, procedures, and definitions"), *holding superseded by statute, as stated in Logan v. United States*, 552 U.S. 23, 128 S.Ct. 475, 479–80, 169 L.Ed.2d 432 (2007). As we explained when analyzing a defendant's "convicted felon status" under the Omnibus Crime Control and Safe Streets Act: "Although the [state's] statute [can] determine the status of the conviction for purposes of state law, it [can]not rewrite history for the purposes of the administration of the federal criminal law or the interpretation of federal criminal statutes." *United States v. Bergeman*, 592 F.2d 533, 536 (9th Cir.1979) (quotation and citation omitted); *see also United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir.1997) ("[W]e are not bound by [state law's] treatment of a felony conviction when we apply the federal sentence-enhancement provisions." (quoting *United States v. Morales*, 854 F.2d 65, 68 (5th Cir.1988))). We therefore apply federal law, not California law, to determine the effect of California's reclassification on Vasquez's federal sentence enhancement under § 841.

■ Our general rule is that when a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not apply those changes retroactively to invalidate federal sentence enhancements. *See, e.g., Norbury*, 492 F.3d at 1015. In other words, we look to whether the prior conviction qualified as a predicate offense under the state of the

briefed, we may decide it here for the first time on appeal. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir.1990) (holding that we may review a new issue on appeal where it arose because of a recent change in law or other "exceptional" circumstance);

*Gates v. Deukmejian*, 987 F.2d 1392, 1407–08 (9th Cir.1992) (exercising discretion to address defendants' argument based on change in law during pendency of appeal). We have determined to exercise our discretion and decide this question.

law *as of the day a defendant was convicted of his current offense;* we ignore any later state changes to the state conviction. *See, e.g., United States v. Salazar–Mojica,* 634 F.3d 1070, 1072–74 (9th Cir.2011) (holding that, in context of U.S. Sentencing Guidelines, defendant had still "previously been deported after being convicted of a felony," even though his felony was reduced to a misdemeanor after his deportation, because "the relevant time for evaluating a prior conviction" is the time of the deportation).

The Supreme Court's decision in *McNeill v. United States,* 563 U.S. 816, 131 S.Ct. 2218, 180 L.Ed.2d 35 (2011), illustrates why we avoid undoing federal sentences after the fact. Under the Armed Career Criminal Act, the sentencing court had to determine whether the defendant had previously been convicted of a "serious drug offense," "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). McNeill had been convicted in the early 1990's of violating North Carolina drug laws for which the maximum penalty was at least ten years. *McNeill,* 131 S.Ct. at 2221. However, in 1994 North Carolina reduced the maximum sentence for his offense; as of 1994, the state offense no longer qualified for the federal enhancement. *Id.* McNeill argued that, because the state had changed its laws, his prior conviction did not qualify as a "serious drug offense." *Id.* The Court disagreed, holding that the statute required the federal courts to consider the state statute "at the time of his conviction for that [state] offense." *Id.* at 2222. The Supreme Court explained that the ACCA asked a "backward-looking question" and the "only way to answer [this question] is to consult the law that applied at the time of that conviction ... [this] avoids the

absurd results that would follow from consulting *current* state law to define a *previous* offense." *Id.* at 2222–23 (emphasis added).

Proposition 47 presents a slight variation on what effect, if any, we must give to subsequent acts affecting a prior state sentence. We have never specifically addressed whether a state that permits reclassifying particular felony convictions as misdemeanors requires a federal court to revisit a federal sentence enhancement imposed under § 841. But we have addressed whether *dismissing or expunging* a predicate state conviction invalidates a federal enhancement. *See Norbury,* 492 F.3d 1012. In *Norbury,* we held that a state's later dismissal or expungement *does not* retroactively invalidate a § 841 federal sentence enhancement. *Id.* at 1015. We carved out a single exception: where the dismissal or expungement alters the legality of the original state conviction—such as where there was a trial error or it appears the defendant was actually innocent of the underlying crime. *Id.*[3] Other than this narrow circumstance, we explained that a federal enhancement "does not depend upon the mechanics of state post-conviction procedures, but rather involves the [state] conviction's underlying lawfulness." *Id.*

Although we did not explain our reasoning in *Norbury* to great detail, there are several reasons to ignore post-conviction state actions for purposes of § 841 sentencing enhancements. First, this approach aligns with § 841's text. Like the ACCA provision at issue in *McNeill,* § 841 is a "backward-looking," *McNeill,* 131 S.Ct. at 2221, inquiry requiring that a defendant, at the time he is sentenced in federal court, have "two or more prior convictions for a felony drug offense," 21

---

**3.** Proposition 47 did not make Vasquez innocent of his felony possession of controlled substance. Rather, it downgraded the offense.

U.S.C. § 841(b)(1)(A). As the Tenth Circuit has explained: "The question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have" permitted relief from the defendant's state conviction. *United States v. Dyke,* 718 F.3d 1282, 1293 (10th Cir.2013), *cert. denied,* ── U.S. ──, 134 S.Ct. 365, 187 L.Ed.2d 252 (2013). In other words, a state making a change to a state conviction, after a federal sentence has been imposed, "does not alter the historical fact of the [prior state] conviction"—which is all that § 841's text requires. *Id.* at 1292 (quoting *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 115, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983)); *see* 21 U.S.C. § 841(b)(1)(A) (merely requiring "two or more prior convictions for a felony drug offense" at the time that the defendant "commits [the federal] violation"). Second, even where a state has fully eradicated a predicate state conviction by dismissing it or expunging it—a more drastic change than merely reclassifying it as a misdemeanor—"as a matter of plain statutory meaning there [is] ... no question" the defendant remains sentenced in federal court "*after a* [prior felony] *conviction.*" *Dyke,* 718 F.3d at 1292.

Congress could, of course, give retroactive effect to changes in state law "for policy reasons unrelated to innocence or an error of law." *United States v. Law,* 528 F.3d 888, 911 (D.C.Cir.2008) (per curium). Indeed, it has done so in other circumstances. *See United States v. Yepez,* 704 F.3d 1087, 1090–91 (9th Cir.2012) (per curium) (en banc) (discussing carve-outs in U.S. Sentencing Guidelines). But it is telling that in § 841, it did not. Ignoring post-conviction state actions also makes sense in the context of the Controlled Substances Act. One purpose for § 841 is to discourage repeat offenders. If a state provides relief for a prior state drug conviction, after the defendant has committed another, federal, drug crime, "it's unclear why a [federal] statute aimed at punishing recidivism (as § 841(b)(1)(A) is) would afford the defendant" relief in his federal sentence. *Dyke,* 718 F.3d at 1293.

Ignoring post-conviction state actions also aligns with the Supreme Court's repeated admonishments that federal laws should be construed to achieve national uniformity. *See Dickerson,* 460 U.S. at 112, 103 S.Ct. 986. As we explained in *Bergeman,* "[i]f a conviction were to be determined by application of the different ... statutes of each state, then the application of federal criminal sanctions would depend solely upon where the defendant's previous conviction had occurred." 592 F.2d at 537. We doubted that Congress would have "intended a federal criminal law to be applied in such a patchwork fashion." *Id.; see also United States v. McGlory,* 968 F.2d 309, 350 (3d Cir.1992) ("[W]e note the confusion in sentencing likely to result if the sentencing court had to analyze the status of every prior state conviction in terms of the status of state law.... This would entail applying changes in state law retroactively to final convictions.").

III

Turning to the facts of this case, we see no reason to depart from our general rule that post-conviction state actions do not disturb a prior federal sentencing enhancement under § 841. Vasquez argues his case is different because California applies Proposition 47 retroactively, so we should treat his 1996 felony sentence as if it never existed. But there are two problems with this argument. First, it is not clear that even California would apply Proposition 47 retroactively in a sentence enhancement case such as ours. Although California's new statute allows defendants to request reclassification and a reduced

sentence, the statute expressly provides that "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." Cal.Penal Code section 1170.18(n). The California Supreme Court previously addressed a state statute that permits California courts to declare a "wobbler" offense—one that can be punished as either a felony or a misdemeanor—to be a misdemeanor upon completion of probation, even if the defendant was originally convicted of a felony. And the California Supreme Court observed that the reclassification of a felony to a misdemeanor does not necessarily mean the crime will be treated as a misdemeanor retroactively for the purpose of other statutory schemes. *See People v. Park*, 56 Cal.4th 782, 795–803, 156 Cal. Rptr.3d 307, 299 P.3d 1263 (2013) (finding that a felony wobbler reduced to a misdemeanor would count as a prior felony conviction for purposes of a sentencing enhancement under Cal.Penal Code § 667(d)(1), but would not count as a prior felony conviction for purposes of a sentencing enhancement under Cal.Penal Code § 667(a)).

But more importantly, the validity of Vasquez's enhancement is governed by federal law, not California law. So even if California decided to give Proposition 47 retroactive effect for its own sentence enhancements, that would not make Vasquez's felony conviction a misdemeanor for purposes of a federal statute, here § 841. And as we have explained above, there is no reason to treat California's less-severe alteration to a conviction as retroactively invalidating federal sentences, when we and our sister circuits have held that more severe post-conviction state actions, such as outright expungement, do not. *See, e.g., Law*, 528 F.3d at 911; *Norbury*, 492 F.3d at 1015.

We thus hold that California's Proposition 47, offering post-conviction relief by reclassifying certain felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of

§ 841. Section 841 requires us to look to the status of Vasquez's state conviction when he was convicted of his federal crime—and as of that day, he was "convict[ed] for a felony drug offense" as § 841 requires.

## IV

We hold that California's decision to reclassify Vasquez's felony as a misdemeanor does not affect his federal sentence.

**AFFIRMED.**