NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1206
_____

UNITED STATES OF AMERICA

v.

ANTHONY LONDON,
              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(No. 2-09-cr-00105-016)
District Judge:  Honorable David S. Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 21, 2016
_____

Before: GREENAWAY, JR., VANASKIE, and SHWARTZ, *Circuit Judges*.

(Opinion Filed: August 31, 2018)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

After Appellant Anthony London was convicted of a federal drug conspiracy charge, the District Court sentenced him to twenty years in prison because his prior California felony conviction qualified him for a mandatory sentence enhancement under 21 U.S.C. § 841(b)(1)(A). Now on appeal, London challenges the imposition of the sentence enhancement on two independent grounds. First, he argues that the Government impermissibly sought the enhancement to coerce him into pleading guilty. Second, he contends that the enhancement is no longer applicable because his prior California felony was recently reclassified as a misdemeanor. We find neither of these arguments meritorious and will therefore affirm.

## I. BACKGROUND

In March 2012, London was charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Normally, conviction for such an offense would carry a mandatory minimum of ten years in prison. *See* 21 U.S.C. § 841(b)(1)(A); *id.* § 846. But after London pled not guilty, the Government filed an Information pursuant to 21 U.S.C. § 851(a), alleging that he was instead subject to a mandatory minimum of twenty years due to his 1981 California felony conviction for possession of cocaine for sale, in violation of Section 11377 of the California Health and Safety Code. *See* 21 U.S.C. § 841(b)(1)(A).

2

A jury ultimately convicted London of the federal conspiracy charge in January 2014. Prior to sentencing, London moved to strike the Information, alleging that the Government had committed prosecutorial misconduct by filing the Information with the intent to impermissibly coerce him into pleading guilty. The District Court denied London's motion and sentenced him to the enhanced mandatory minimum of twenty years in prison, followed by ten years of supervised release. London then filed an appeal, reasserting the same argument from his motion to strike.

Meanwhile, in November 2014, California voters enacted Proposition 47—The Safe Neighborhoods and Schools Act—which, among other things, allows individuals previously convicted of offenses under Section 11377 to petition for their felony convictions to be reclassified as misdemeanors. *See* Cal. Penal Code § 1170.18(a). London filed such a petition, and following the docketing of his appeal, the petition was granted, and his conviction was reclassified. We subsequently permitted London and the Government to submit supplemental briefing addressing whether the reclassification of London's conviction as a misdemeanor impacts the validity of the sentence enhancement.[1]

---

[1] After the parties submitted their supplemental briefs, we decided to "hold the case C.A.V. pending the decision of the California Supreme Court in *People v. DeHoyos*, S228230, or any other case that addressed the question of retroactivity of Proposition 47." With the California Supreme Court having now decided *DeHoyos*, *see* 412 P.3d 368 (2018), the matter is ripe for our disposition.

## II. DISCUSSION[2]

Although we ordinarily remand cases when new facts arise, *see, e.g.*, *Madison Cty. v. Oneida Indian Nation*, 562 U.S. 42, 43 (2011) (per curiam) (remanding for consideration of the impact of a "new factual development"), the reclassification of London's prior offense raises a purely legal question involving statutory interpretation, over which we exercise plenary review, *United States v. Williams*, 675 F.3d 275, 277 (3d Cir. 2012). The issue has been fully briefed, and "there is no controversy concerning the facts applicable." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 730 (3d Cir. 1982). Thus, "no purpose would be served by" remanding, and we think it appropriate to consider the question now, even though it was not, and could not, have been reached by the District Court in the first instance. *Id.*

First, however, we address London's original argument raised in the District Court—that the filing of the Information constituted prosecutorial misconduct because it was intended to coerce him into pleading guilty. Because we find that initial argument unpersuasive, we then proceed to decide London's reclassification argument, which we conclude lacks merit as well. We will therefore affirm.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's determinations of fact for clear error and exercise plenary review over its application of legal precepts. *United States v. Esposito*, 968 F.2d 300, 302–03 (3d Cir. 1992).

**A. London's Motion to Strike**

London's first argument is that the Information should have been struck because the Government impermissibly threatened to file it for the purpose of coercing him into a guilty plea. According to London, when such effort to coerce failed, the Government carried out its threat to file as punishment for London's exercise of his constitutional right to a trial by jury. Acting with such intent to punish, London contends, violates the Due Process Clause of the Fifth Amendment.

It is well-established that "prosecutorial vindictiveness" may constitute a due process violation, because "for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 32–33 n.20 (1973)). Normally, however, a criminal defendant must offer proof of "actual vindictiveness" in order to assert a due process claim. *See United States v. Esposito*, 968 F.2d 300, 303 (3d Cir. 1992). Only in the rare circumstances where "a reasonable likelihood of vindictiveness exists" do we recognize a "presumption of vindictiveness," which allows a defendant to bring a constitutional claim without offering any concrete proof of improper governmental motive. *Id.*

No such presumption applies in the context of plea bargaining. "[B]y tolerating and encouraging the negotiation of pleas," our system "has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the

5

bargaining table is to persuade the defendant to forgo his right" to proceed to a jury trial. *Bordenkircher*, 434 U.S. at 364. In other words, "in the 'give-and-take' of plea bargaining, there is no . . . element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id.* at 363. Thus, absent proof of actual vindictiveness, no due process violation occurs when the prosecution does exactly what the Government supposedly attempted to do here: induce a guilty plea by threatening a greater penalty upon conviction after trial. *Id.* Because London has not offered any evidence of actual vindictiveness, his due process claim fails, and the District Court was correct to deny his motion to strike the Information.[3]

## B. The Reclassification of London's California Conviction

London next argues that we should remand for resentencing because he is no longer eligible for the sentence enhancement under 21 U.S.C. § 841(b)(1)(A) in light of the reclassification of his California conviction as a misdemeanor. Section 841(b)(1)(A) imposes a mandatory sentence of no less than twenty years in prison if a defendant

---

[3] In September 2014, after London had already filed his motion to strike, the Department of Justice ("DOJ") issued a Memorandum providing that a "§ 851 enhancement should not be used in plea negotiations for the sole or predominant purpose of inducing a defendant to plead guilty." Memorandum from Attorney General Eric H. Holder, Jr. to Department of Justice Attorneys (September 24, 2014). But DOJ policies "do not themselves create rights for criminal defendants." *United States v. Christie*, 624 F.3d 558, 573 (3d Cir. 2010); *see also United States v. Wilson*, 413 F.3d 382, 389 (3d Cir. 2005). Accordingly, the September 2014 Memorandum provides London no basis for relief here.

"commits [a violation of § 841] after a prior conviction for a felony drug offense has become final."[4]  The interpretation of this provision is a matter of federal law, rather than state law.  *See United States v. Meraz*, 998 F.2d 182, 183 (3d Cir. 1993) (addressing nearly identical language in § 841(b)(1)(B)).  Thus, in determining whether the reclassification of London's prior conviction impacts his eligibility for the § 841(b)(1)(A) enhancement, we begin the same way we begin all inquiries involving statutory interpretation—with the text of the statutory provision.  *Williams*, 675 F.3d at 277–278.

On its face, the text of § 841(b)(1)(A) is "backward-looking."  *United States v. Diaz*, 838 F.3d 968, 973 (9th Cir. 2016) (quoting *McNeill v. United States*, 563 U.S. 816, 821 (2011)).  It requires only that the defendant commit his federal offense after his prior conviction "has become final."  21 U.S.C. § 841(b)(1)(A).  The relevant inquiry, then, "'is whether the defendant was previously convicted, not the particulars of how state law later might have' permitted relief from the defendant's state conviction."  *Diaz*, 838 F.3d at 973–74 (quoting *United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013)).  "In other words, a state making a change to a state conviction after it has become final 'does not alter the historical fact of the [prior state] conviction' becoming final."  *Id.* at 973

---

[4] London was convicted of conspiracy to commit a violation of § 841 under 21 U.S.C. § 846, which provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subjected to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

(alteration in original) (quoting *Dyke*, 718 F.3d at 1292). That historical fact is the sole focus of § 841(b)(1)(A).

Consequently, we have held that there is no impact on § 841 eligibility when the defendant's prior state conviction is outright dismissed following probation, which is a more drastic change than reclassification. *Meraz*, 998 F.2d at 184; *see also United States v. McGlory*, 968 F.2d 309, 349–51 (3d Cir. 1992) (treating defendant's prior conviction as a felony for purposes of § 841 even though state later statutorily reduced underlying offense to a misdemeanor, without enacting any individualized reclassification process). Dismissal or expungement might be relevant for purposes of § 841 if the change alters the legality of the underlying prior conviction, like cases where there was trial error or the defendant was actually innocent. *See United States v. Norbury*, 492 F.3d 1012, 1015 (9th Cir. 2007). But other than those circumstances, the "federal enhancement 'does not depend upon the mechanics of state post-conviction procedures, but rather involves the [state] conviction's underlying lawfulness.'" *Diaz,* 838 F.3d at 973 (alteration in original) (quoting *Norbury*, 492 F.3d at 1015)).

Such a regime may at first glance seem harsh, but there is good reason behind it. "Ignoring later state actions for purposes of federal sentences . . . aligns with the Supreme Court's repeated admonishments that federal laws should be construed to achieve national uniformity." *Id.* at 974 (citing *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 112 (1983), *superseded by statute, as recognized in Logan v. United States*, 552 U.S.

8

23, 27–28 (2007)).  If state post-conviction procedures always impacted eligibility under § 841, the federal sentence enhancements would apply in an unfair, "patchwork" manner.[5] *Id.* (quoting *United States v. Bergeman*, 592 F.2d 533, 537 (9th Cir. 1979)); *see also McGlory*, 968 F.2d at 350 (noting "confusion . . . likely to result if . . . sentencing court[s] had to analyze the status of every prior state conviction in terms of the status of state law").  The sentence enhancements in § 841 are also meant to combat recidivism.  That purpose would not be served by affording a defendant relief from his federal sentence whenever a state provides him procedural relief related to a previous state conviction after he has already committed another federal drug offense.  *Diaz*, 838 F.3d at 974; *Dyke*, 718 F.3d at 1292–93.

Here, the decision of California voters to enact Proposition 47 does not change the fact that London committed his federal offense "after a prior conviction for a felony drug offense ha[d] become final." 21 U.S.C. § 841(b)(1)(A).  Because the subsequent reclassification of London's California conviction had no bearing on that conviction's underlying lawfulness, he remains eligible for the sentence enhancement he received under § 841(b)(1)(A).  *See Diaz*, 838 F.3d 975 (concluding that Proposition 47 "does not undermine a prior conviction's felony-status for purposes of § 841").

---

[5] Congress could, of course, give retroactive effect to forms of relief under state law that are unrelated to trial error or actual innocence, and it has done so in other contexts.  *See, e.g.*, *Logan*, 552 U.S. at 27–28 (discussing amendment to Firearms Owners' Protection Act that excludes from qualifying predicate offense status state convictions that have been expunged).

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of conviction.