**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. GILBERT OLIVA DIAZ, AKA Chaparro, AKA Gilberto Oliva, *Defendant-Appellant*. | No. 10-50029 D.C. No. 8:07-cr-00202-DOC-2 |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. ARTURO CRUZ, AKA Art, *Defendant-Appellant*. | No. 10-50052 D.C. No. 8:07-cr-00202-DOC-4 |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. ALBERTO HERNANDEZ, AKA Cruiser, AKA Sugar, *Defendant-Appellant*. | No. 10-50058 D.C. No. 8:07-cr-00202-DOC-7 |

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSE GONZALEZ, AKA Black, AKA Negro,
*Defendant-Appellant.*

No. 10-50059

D.C. No.
8:07-cr-00202-
DOC-5

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

NOE GONZALEZ, AKA Lil Black,
*Defendant-Appellant.*

No. 10-50062

D.C. No.
8:07-cr-00202-
DOC-6

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MANUEL HERNANDEZ, AKA Frog,
*Defendant-Appellant.*

No. 10-50064

D.C. No.
8:07-cr-00202-
DOC-9

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JESSE VASQUEZ, AKA Pelon,
*Defendant-Appellant*.

No. 10-50072

D.C. No.
8:07-cr-00202-
DOC-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

FRANCISCO FLORES, AKA Lil Frank,
*Defendant-Appellant*.

No. 10-50076

D.C. No.
8:07-cr-00202-
DOC-8

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

LUIS A. AGUILAR, AKA Woody,
*Defendant-Appellant*.

No. 10-50113

D.C. No.
8:07-cr-00202-
DOC-23

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CESAR DELA CRUZ, AKA Thumper,
*Defendant-Appellant.*

No. 10-50115

D.C. No.
8:07-cr-00202-
DOC-16

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 2, 2015
Pasadena, California

Filed April 20, 2016
Amended September 21, 2016

Before: Jerome Farris, Jay S. Bybee,
and N. Randy Smith, Circuit Judges.

Order;
Opinion by Judge Bybee

## SUMMARY[*]

### Criminal Law

The panel issued an amended opinion affirming a sentence, denied a petition for panel rehearing, and denied on behalf of the court a petition for rehearing en banc, in a case in which Jesse Vasquez received a sentence of life imprisonment mandated under 21 U.S.C. § 841(b)(1)(A) because of his two prior felony drug convictions.

Four years after his sentencing, California adopted Proposition 47, which allowed California courts to reclassify certain felony convictions as misdemeanors. Vasquez successfully petitioned a California court to reclassify one of his prior California felonies—on which his federal enhancement was based—as a misdemeanor.

The panel held that Proposition 47 does not undermine a prior conviction's felony status for purposes of § 841, and that California's later actions cannot change the historical fact that Vasquez committed his federal offense "after two or more convictions for a felony drug offense [had] become final."

The panel addressed other issues in a concurrently-filed memorandum disposition.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Karen Landau (argued), Oakland, California, for Defendant-Appellant Manuel Hernandez.

Ethan Balogh (argued) and Jay Nelson, Coleman, Balogh & Scott LLP, San Francisco, California, for Defendant-Appellant Jesse Vasquez.

Kenneth Reed, Santa Ana, California, for Defendant-Appellant Gilbert Oliva Diaz.

Verna Wefald, Pasadena, California, for Defendant-Appellant Arturo Cruz.

Wayne Young, Santa Monica, California, for Defendant-Appellant Alberto Hernandez.

David Philips, Riverside, California, for Defendant-Appellant Jose Gonzalez.

Thomas Wolfsen, Orange, California, for Defendant-Appellant Noe Gonzalez.

Holly Sullivan, San Diego, California, for Defendant-Appellant Francisco Flores.

Michael Khouri, Khouri Law Firm, Irvine, California, for Defendant-Appellant Luis A. Aguilar.

Robison Harley, Santa Ana, California, for Defendant-Appellant Cesar Dela Cruz.

Elana Shavit Artson (argued), Allison Westfahl Kong, and Robert Dugdale, Assistant United States Attorneys; Stephanie Yonekura, Acting United States Attorney; United States Attorney's Office, Los Angeles, California, for Plaintiff-Appellee.

Donald M. Falk, Mayer Brown LLP, Palo Alto, California; Travis Crum, Mayer Brown LLP, Washington, D.C.; Michael Romano, Stanford Law School Justice Advocacy Project, Stanford, California; David M. Porter, Co-Chair, NACDL Amicus Curiae Committee, Sacramento, California; for Amici Curiae National Association of Criminal Defense Lawyers and Stanford Law School Justice Advocacy Project.

## ORDER

The court's opinion filed April 20, 2016, appearing at 821 F.3d 1051(9th Cir. 2016), is hereby amended. An amended opinion is filed herewith.

With this amended opinion, the panel has voted to deny the petitions for panel rehearing.

The full court has been advised of the petitions for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petitions for rehearing and the petitions for rehearing en banc, filed June 2, 2016, June 3, 2016 and July 1, 2016 are **DENIED**. No subsequent petitions for rehearing or rehearing en banc may be filed.

**OPINION**

BYBEE, Circuit Judge:

Jesse Vasquez was a mid-level leader in the Florencia Trece gang who was convicted of drug-related crimes for his part in the gang's drug trafficking operations. The district court sentenced Vasquez to life imprisonment because his two prior California felonies qualified him for a mandatory sentence enhancement under 21 U.S.C. § 841.

Four years after Vasquez's sentencing, California adopted Proposition 47, which allowed California courts to reclassify certain felony convictions as misdemeanor convictions. Vasquez successfully petitioned a California court to reclassify one of his prior California felonies—on which his federal enhancement was based—as a misdemeanor. Vasquez now argues that his federal enhancement should be invalidated because he no longer stands convicted of one of the two prior felonies as § 841 requires.[1]

We hold that Proposition 47 does not change the historical fact that Vasquez violated § 841 "after two or more prior convictions for a felony drug offense [had] become final." 21 U.S.C. § 841(b)(1)(A). We therefore affirm.

I

In 2007, Vasquez was charged with multiple counts of racketeering and drug related crimes. Shortly after, the United States filed an information alleging that Vasquez

---

[1] Other issues raised in this case are addressed in a memorandum disposition filed concurrently with this opinion.

qualified for a sentence enhancement under the Controlled Substances Act, 21 U.S.C. § 841, because of his two prior felony drug convictions—one of which was a 1996 conviction under California Health and Safety Code section 11350(a) for possession of a controlled substance. In 2009, Vasquez was convicted. At sentencing in 2010, the district court imposed life imprisonment, a sentence mandated under 21 U.S.C. § 841(b)(1)(A) because of Vasquez's "prior [California] convictions for a felony drug offense."

In November 2014, California voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act." Cal. Penal Code § 1170.18 (codifying Proposition 47); *see People v. Rivera*, 183 Cal. Rptr. 3d 362, 363 (Ct. App. 2015). Among other things, Proposition 47 reduced future convictions under § 11350(a) from a felony to a misdemeanor. Proposition 47 also permits previously-convicted defendants to petition the court for a "recall of sentence," which, if granted, would effectively reclassify their qualifying felonies as misdemeanors. *See* Cal. Penal Code § 1170.18(a). In February 2015 Vasquez did just that: He successfully petitioned the Los Angeles County Superior Court to recall his 1996 felony conviction, and the court resentenced him to a misdemeanor.[2]

---

[2] Vasquez's petition, and the Superior Court's action, took place between the time the district court rendered Vasquez's sentence and his appeal was heard by this court. Vasquez filed a supplemental brief on the issue and asked the panel to consider it as part of his appeal. The government responded on the merits, but also suggested that the panel should remand this question because it was not raised below. Because this issue has arisen while the appeal is pending, and because it is a legal question which has been fully briefed, we may decide it here for the first time on appeal. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990) (holding that we may review a new issue on appeal where it

Proposition 47's new statutory changes provide that "[a]ny felony conviction that is recalled and resentenced . . . or designated as a misdemeanor . . . shall be considered a misdemeanor for all purposes." Cal. Penal Code § 1170.18(k). However, the court need not recall a felony sentence if it finds, in its discretion, that re-classifying the defendant would pose an unreasonable danger to the community. Cal. Penal Code § 1170.18(b). The statute also provides that "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." Cal. Penal Code § 1170.18(n).

## II

Section 841 imposes a mandatory life sentence if a defendant "commits [a violation of § 841] after two or more prior convictions for a felony drug offense have become final." 21 U.S.C. § 841(b)(1)(A). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country." 21 U.S.C. § 802(44). Vasquez argues that because he successfully petitioned in 2014 to have his 1996 conviction re-designated as a misdemeanor, that conviction no longer counts as a prior felony conviction for purposes of § 841. We disagree. California's actions—taken long after Vasquez's state conviction became "final"—have no bearing on whether § 841's requirements are satisfied.

---

arose because of a recent change in law or other "exceptional" circumstance); *Gates v. Deukmejian*, 987 F.2d 1392, 1407–08 (9th Cir. 1992) (exercising discretion to address defendants' argument based on change in law during pendency of appeal). We have determined to exercise our discretion and decide this question.

A

Federal law, not state law, governs our interpretation of federal statutes. *See United States v. Norbury*, 492 F.3d 1012, 1014 (9th Cir. 2007) ("Whether a defendant's prior state conviction was a 'conviction' [within the meaning of § 841] is a question of federal, not state, law."); *see also Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12 (1983) (noting that consulting federal law to determine the meaning of "convicted" "makes for desirable national uniformity unaffected by varying state laws, procedures, and definitions"), *holding superseded by statute, as stated in Logan v. United States*, 128 S. Ct. 475, 479–80 (2007). As we explained when analyzing a defendant's "convicted felon status" under the Omnibus Crime Control and Safe Streets Act: "Although the [state's] statute [can] determine the status of the conviction for purposes of state law, it [can]not rewrite history for the purposes of the administration of the federal criminal law or the interpretation of federal criminal statutes." *United States v. Bergeman*, 592 F.2d 533, 536 (9th Cir. 1979) (quotation and citation omitted); *see also United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir. 1997) ("[W]e are not bound by [state law's] treatment of a felony conviction when we apply the federal sentence-enhancement provisions." (quoting *United States v. Morales*, 854 F.2d 65, 68 (5th Cir. 1988)). We therefore apply federal law, not California law, to determine the effect of California's reclassification on Vasquez's federal sentence enhancement under § 841.

When a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not generally apply those changes retroactively for purposes of determining whether a federal sentencing statute's requirements are met. *See, e.g., Norbury,* 492 F.3d at 1015;

*see also United States v. Salazar-Mojica,* 634 F.3d 1070, 1072–74 (9th Cir. 2011) (holding in the context of U.S. Sentencing Guidelines that a defendant had still "previously been deported after being convicted of a felony," even though his felony was later reduced to a misdemeanor). The Supreme Court's decision in *McNeill v. United States*, 563 U.S. 816 (2011), illustrates why we avoid undoing federal sentences after the fact. Under the Armed Career Criminal Act, the sentencing court had to determine whether the defendant had "three previous convictions . . . for a violent felony or a serious drug offense," "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. §§ 924(e)(1), 924(e)(2)(A)(ii). McNeill had been convicted in the early 1990's of violating North Carolina drug laws for which the maximum penalty was at least ten years. *McNeill*, 563 U.S. at 818. However, in 1994 North Carolina reduced the maximum sentence for his offense; as of 1994, the state offense no longer qualified for the federal enhancement. *Id.* McNeill argued that, because the state had changed its laws, his prior conviction did not qualify as a "serious drug offense." *Id.* The Court disagreed, holding that the state's changes to McNeill's *state* conviction had no affect on his *federal* sentence. *Id.* at 819. The Supreme Court explained that the ACCA asked a "backward-looking question" and the "only way to answer [this question] is to consult the law that applied at the time of that conviction . . . [this] avoids the absurd results that would follow from consulting *current* state law to define a *previous* offense." *Id.* at 819–20 (emphasis added).

Proposition 47 presents a slight variation on what effect, if any, we must give to subsequent acts affecting a prior state sentence. We have never specifically addressed whether a state that permits reclassifying particular felony convictions

as misdemeanors requires a federal court to revisit a federal sentence enhancement imposed under § 841. But we have addressed whether *dismissing or expunging* a predicate state conviction invalidates a federal enhancement under this section. *See Norbury*, 492 F.3d 1012. In *Norbury,* we held that a state's later dismissal or expungement of a predicate state conviction had no bearing on whether § 841's requirements were met. *Id.* at 1015. In other words, despite the fact that the state felony conviction was now expunged, this did not change the historical fact that, for purposes of § 841, the defendant had been convicted of the felony in the past. *Id.* We noted one exception: where the dismissal or expungement alters the legality of the original state conviction—such as where there was a trial error or it appears the defendant was actually innocent of the underlying crime. *Id*. (citing *Dickerson*, 460 U.S. at 115).[3] Other than this circumstance, we explained that a federal enhancement "does not depend upon the mechanics of state post-conviction procedures, but rather involves the [state] conviction's underlying lawfulness." *Id.*

B

Like the ACCA provision at issue in *McNeill*, § 841 is a "backward-looking," *McNeill*, 563 U.S. at 821, inquiry requiring only that a defendant have committed his federal crime "after two or more prior convictions for a felony drug offense *have become final*," 21 U.S.C. § 841(b)(1)(A) (emphasis added). The statute tells us what event triggers the enhancement: two state convictions that are "final." *Id.* As the Tenth Circuit has explained: "The question posed by

---

[3] Proposition 47 did not make Vasquez innocent of his felony possession of controlled substance. Rather, it downgraded the offense.

§ 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have" permitted relief from the defendant's state conviction. *United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 365 (2013). In other words, a state making a change to a state conviction, after it has become final, "does not alter the historical fact of the [prior state] conviction" becoming final—which is what § 841 requires. *Id.* at 1292 (quoting *Dickerson*, 460 U.S. at 115). Even where a state has fully eradicated a predicate state conviction by dismissing it or expunging it—a more drastic change than merely reclassifying it as a misdemeanor—"as a matter of plain statutory meaning there [is] . . . no question" the defendant committed his crime "*after a* [prior state felony] *conviction*" has become final. *Dyke*, 718 F.3d at 1292.

Congress could, of course, give retroactive effect to changes in state law for purposes of federal statutes "for policy reasons unrelated to innocence or an error of law." *United States v. Law,* 528 F.3d 888, 911 (D.C. Cir. 2008) (per curium). Indeed, it has done so in other circumstances. *See United States v. Yepez, 7*04 F.3d 1087, 1090–91 (9th Cir. 2012) (per curium) (en banc) (discussing carve-outs in the U.S. Sentencing Guidelines). But in § 841, Congress did not. One purpose for § 841 is to discourage repeat offenders. If a state provides relief for a prior state drug conviction, after the defendant has committed another, federal, drug crime, "it's unclear why a [federal] statute aimed at punishing recidivism (as § 841(b)(1)(A) is) would afford the defendant" relief in his federal sentence. *Dyke*, 718 F.3d at 1293.

Ignoring later state actions for purposes of federal sentences also aligns with the Supreme Court's repeated admonishments that federal laws should be construed to

achieve national uniformity.  *See Dickerson*, 460 U.S. at 112. As we explained in *Bergeman*, "[i]f a conviction were to be determined by application of the different . . . statutes of each state, then the application of federal criminal sanctions would depend solely upon where the defendant's previous conviction had occurred."  592 F.2d at 537.  We doubted that Congress would have "intended a federal criminal law to be applied in such a patchwork fashion."  *Id.*; *see also United States v. McGlory*, 968 F.2d 309, 350 (3d Cir. 1992) ("[W]e note the confusion in sentencing likely to result if the sentencing court had to analyze the status of every prior state conviction in terms of the status of state law. . . . This would entail applying changes in state law retroactively to final convictions.").

## III

Vasquez argues his case is different because California applies Proposition 47 retroactively, so we should treat his 1996 felony conviction as if it never existed.  But there are two problems with this argument.  First, it is not clear that even California would apply Proposition 47 retroactively in a sentence enhancement case such as ours.   Although California's new statute allows defendants to request reclassification and a reduced sentence, the statute expressly provides that "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act."  Cal. Penal Code § 1170.18(n).  The California Supreme Court previously addressed a state statute that permits California courts to reclassify a "wobbler" offense—one that can be punished as either a felony or a misdemeanor—to be a misdemeanor upon completion of probation, even if the defendant was originally convicted of a felony.  And the

California Supreme Court observed that the reclassification of a felony to a misdemeanor does not necessarily mean the crime will be treated as a misdemeanor retroactively for the purpose of other statutory schemes. *See People v. Park*, 56 Cal. 4th 782, 795–803 (2013) (finding that a felony wobbler reduced to a misdemeanor would count as a prior felony conviction for purposes of a sentencing enhancement under Cal. Penal Code § 667(d)(1), but would not count as a prior felony conviction for purposes of a sentencing enhancement under Cal. Penal Code § 667(a)).

Second, even if California decided to give Proposition 47 retroactive effect for purposes of its own *state* law, that would not retroactively make Vasquez's felony conviction a misdemeanor for purposes of *federal* law. As we have explained, § 841 explicitly tells us when it applies: When a defendant (1) commits a federal drug offense (2) after being convicted of two or more felony drug offenses that have "become final." 21 U.S.C. § 841(b)(1)(a). There is no doubt Vasquez committed a federal drug offense, nor is there any doubt his state felony convictions "have become final."

We thus hold that California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841. California's later actions cannot change the fact that Vasquez committed his federal offense "after two or more convictions for a felony drug offense [had] become final."

**AFFIRMED.**