FILED
United States Court of Appeals
Tenth Circuit

May 11, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REBECCA LOUISE PEREZ,

Defendant - Appellant.

No. 17-4009
(D.C. Nos. 2-16-CV-00725-TS and
2:14-CR-00435-TS-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

Appellant Rebecca Louise Perez seeks a certificate of appealability to appeal the district court's denial of her 28 U.S.C. § 2255 habeas petition.

Appellant pled guilty to possession of methamphetamine with intent to distribute. She was sentenced to 120 months of imprisonment, the mandatory minimum sentence for her crime as a result of her prior California state-court conviction for a felony drug offense. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). After sundry proceedings she filed a petition for habeas corpus claiming ineffective assistance of counsel. The trial court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied the petition and denied a certificate of appealability. Appellant has petitioned this court for a COA to challenge the trial court's order.

Although Appellant raised other claims of ineffective assistance of counsel in her habeas petition, she seeks to appeal only her claim that counsel was ineffective for failing to challenge the sentencing enhancement. Construing her pro se pleadings liberally, *see Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991), she presents two theories to support this claim. First, that her prior conviction was not a felony. Second, that a subsequent statute reduced that conviction to a misdemeanor.

We find that no reasonable jurist would debate the soundness to the trial court's decision. Appellant failed to raise her first argument in her habeas petition, and, even if we were to consider this untimely argument, the documents she submitted to the trial court show that she was convicted in the state court of a felony. The state court's decision to reclassify her state felony as a misdemeanor—more than a year after she had entered her plea of guilty and been sentenced in the federal case—does not change that historical fact. *See United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013) (holding that even an expunged state court conviction still counts as a conviction under § 841(b) because "expunction under state law, after all, does not alter the historical fact of the conviction" (internal quotation marks omitted)); *see also United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016) (rejecting the specific argument that the reclassification of a California drug offense from a felony to a misdemeanor invalidates a federal enhancement under § 841).

We therefore **DENY** the petition for COA and **DISMISS** the appeal.  Appellant's

motion to proceed *in forma pauperis* is **GRANTED**.


ENTERED FOR THE COURT



Monroe G. McKay
Circuit Judge