**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

HAROLD EUGENE BELL,

      Defendant - Appellant.

No. 16-6332
(D.C. Nos. 5:16-CV-00377-D and
5:96-CR-00084-D-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

Harold Eugene Bell seeks a certificate of appealability (COA) to appeal from

the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence. We deny a COA and dismiss the appeal.

In 1996, Bell was charged in federal court with several drug-related offenses.

Shortly thereafter, the government filed an information alleging that Bell qualified

for a sentence enhancement under the Controlled Substances Act, 21 U.S.C. § 841.

Following his conviction by a jury, the district court imposed life imprisonment, a

sentence mandated under § 841(b)(1)(A)(viii) because Bell had three prior California

felony convictions for drug offenses.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In November 2014, California enacted Proposition 47, codified at Cal. Penal Code § 1170.18. Among other things, the new law "permits previously-convicted defendants to petition the court for a 'recall of sentence,' which, if granted . . . effectively reclassif[ies] their qualifying felonies as misdemeanors." *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016) (quoting § 1170.18(a)).

In 2016, after Bell successfully petitioned a California state court to reclassify his three prior felony convictions as misdemeanors under § 1170.18(k), he filed for habeas relief under § 2255, arguing that there were no longer any felony convictions to support the life sentence imposed under § 841. The district court denied Bell's motion, concluding that the change in state law did not alter the historical fact that Bell had three final state felony convictions at the time he was sentenced, which mandates an enhanced sentence under § 841.

To be entitled to a COA, Bell must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Although Bell could file a statutory claim in the district court under § 2255, he can obtain a COA only if he has made "a substantial showing of the denial of a *constitutional* right." § 2253(c)(2) (emphasis added). In other words, Bell could file a § 2255 motion in district court based on the argument that his sentence violates §

2

841, but he cannot appeal the denial of relief unless he makes a substantial showing of a constitutional violation. *See, e.g. United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) ("[N]o matter how clearly the § 2255 movant can show that the district court erred in denying a statutory claim in his habeas petition, he is not entitled to a COA to have his claim heard on appeal.").

Try as he might to raise a constitutional violation, Bell's argument is a statutory one: "[W]hether or not a federal recidivist sentence enhancement based on a prior state conviction is undermined when the state conviction is retroactively reduced by subsequent state action." Def./Aplt.'s Combined Request for COA and Opening Br. at 12. And his argument that his sentence violates his constitutional rights to Due Process and Equal Protection under *Johnson v. United States*, 544 U.S. 295, 303 (2005), is unavailing. Setting aside whether the defendant had a constitutional right to resentencing, *Johnson* concerns the right to reopen a federal sentence where a defendant successfully attacks a state conviction in state court, i.e., the conviction is vacated. Here, Bell's convictions were neither attacked nor overturned.

Because Bell has failed to demonstrate the violation of a constitutional right, we deny a COA and dismiss the appeal.

Entered for the Court


Timothy M. Tymkovich
Chief Judge

3