## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00913-COA

JAMES HILLIARD A/K/A JAMES STEPHEN HILLARD                    APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:              05/23/2016
TRIAL JUDGE:                   HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED:     LAFAYETTE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JAMES HILLIARD (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 09/26/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., BARNES AND CARLTON, JJ.

### BARNES, J., FOR THE COURT:

¶1.    James Hilliard, appearing pro se, appeals the Lafayette County Circuit Court's denial of his motion for post-conviction relief (PCR). Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    In February 2011, Hilliard was indicted for one count of conspiracy to sell cocaine, and one count of possession of cocaine with intent to sell. In July 2012, the State filed a motion to amend Hilliard's indictment to include habitual-offender status due to prior felony convictions in California for possession of a controlled substance. The trial court granted the motion.

¶3. On October 8, 2012, Hilliard pleaded guilty to conspiracy to sell cocaine. As a result of the State's recommendation and the plea agreement, the trial court dismissed the count of possession of cocaine with intent to sell. At Hilliard's plea hearing, the State explained that it had two motions to amend the indictment. One motion was to sentence Hilliard as a subsequent offender, which the State withdrew due to the plea agreement. The other ore tenus motion was to enhance his sentence as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). The State pointed to two prior convictions in California, both for felony possession of a controlled substance in 1998 and 2000, respectively. Hilliard did not object to the enhancement, as it was part of the plea agreement. The trial court found Hilliard qualified for habitual-offender status under section 99-19-81. He was sentenced to seventeen years for the conspiracy charge, with four years suspended and thirteen to serve as a habitual offender.[1]

¶4. On May 3, 2016, Hilliard filed an untimely PCR motion, claiming that his enhanced sentence as a habitual offender was improper because one of his felony convictions from California was subsequently redesignated as a misdemeanor. He claims his sentence as a habitual offender is now invalid and requires him to be resentenced as a nonhabitual

---

[1] The trial court ordered Hilliard's indictment amended to habitual status under Mississippi Code Annotated section 99-19-83 (Rev. 2015), mandating a life sentence for violent offenders, in supposed response to the State's motion of July 12, 2012; however, this motion is not included in the record on appeal. Obviously, since Hilliard did not commit any violent felonies, he would not be eligible for this enhancement. However, at the plea hearing, the State moved to amend the indictment under the proper section 99-19-81. Under this section, Hilliard should have been sentenced to the maximum prison term, twenty years. As he was only sentenced to seventeen years and four years suspended, Hilliard apparently received an illegally lenient sentence. This, of course, is no basis for him to complain. *Chambliss v. State*, 188 So. 3d 1262, 1266 (¶17) (Miss. Ct. App. 2016) (citations omitted).

offender. The trial court summarily denied his PCR motion, and Hilliard timely appealed.

**ANALYSIS**

¶5. Hilliard seeks to be resentenced as a nonhabitual offender. He argues that his sentence as a habitual offender under his plea agreement should be set aside after a prior felony conviction from California was amended to a misdemeanor. This issue is a question of law, which is reviewed de novo. *See Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009).

¶6. First, this PCR motion is untimely and thus procedurally barred. A PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Hilliard pleaded guilty in July 2012, and his PCR motion was filed in May 2016, nearly one year late. Further, no exception to the three-year statute of limitations applies.

¶7. Second, Hilliard's argument for resentencing is without merit. Hilliard references a procedure under California statute whereby certain felony convictions may be reclassified and resentenced as misdemeanors. The pertinent statute, California Penal Code section 1170.18,[2] became effective on November 5, 2014, approximately two years after Hilliard pleaded guilty to the instant charge. In February 2016, Hilliard requested the Superior Court

---

[2] The statute reads in part:

> A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .

Cal. Penal Code § 1170.18(a).

of Santa Clara County, California, to redesignate and resentence his prior felony in 1998 as a misdemeanor. In March 2016, the court granted the request, two months before Hilliard filed his PCR motion. Hilliard claims that due to the redesignation of one of his felonies, he is no longer eligible to be sentenced in Mississippi as a habitual offender under section 99-19-81.[3] We disagree.

¶8.     The United States Court of Appeals for the Ninth Circuit has carefully analyzed and rejected this argument. In *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), the defendant received a life sentence mandated by federal statute[4] for those defendants who have two or more felony drug offenses. The defendant successfully petitioned the Los Angeles County Superior Court that his two prior drug convictions be reclassified as misdemeanors under section 1170.18. The defendant then appealed his federal life sentence, arguing that his federal enhancement should be invalidated because of the post-conviction reclassification of his two prior drug-related felonies. The court of appeals affirmed, holding that section 1170.18 "does not change the historical fact that [the defendant] had violated section 841 after two or more prior convictions for felony drug offenses had become final." *Id.* at 971.

---

[3] Section 99-19-81 reads:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

[4] *See* 21 U.S.C. § 841(b)(1)(A) (2012).

The court continued that, even if a state were to eradicate fully a conviction by dismissing or expunging it – a much more drastic change than merely reclassifying it as a misdemeanor – the defendant still would have committed the federal crime "after a prior state felony conviction" had become final. Thus, under the plain statutory language of section 841, enhancement would be appropriate. *Id.* at 974 (citation omitted).

¶9. We find the situation here analogous. Hilliard's reclassification of one prior California felony to a misdemeanor does not change "the historical fact" that he was convicted of two felonies in the past, for purposes of section 99-19-81's sentence enhancement. Further, under the plain statutory language of section 99-19-81, Hilliard, at the time of his conviction and sentence, had been "convicted twice previously of any felony . . . and . . . sentenced to separate terms of one (1) year or more." At the plea hearing, Hilliard told the court that he understood and stipulated to two prior felony convictions in California, which qualified him for habitual-offender status. He stated that he understood that his plea agreement would result in his being sentenced as a habitual offender. The subsequent amendment to California's sentencing scheme does not change Hilliard's qualification for habitual-offender status. We find this argument without merit.

¶10. The judgment of the circuit court denying Hilliard's PCR motion is affirmed.

¶11. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

5