**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-15906 |
| Plaintiff-Appellee, | D.C. Nos. 1:15-cv-01850-LJO |
| v. | 1:93-cr-05021-LJO-1 |
| RAY MARTIN HEFFINGTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Ray Martin Heffington appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Fultz*, 923 F.3d 1192, 1194 (9th Cir. 2019), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Heffington claims he should no longer be subject to a mandatory life sentence under 21 U.S.C. § 841 because his prior state felony convictions, which were used to enhance his federal sentence, have been reclassified as misdemeanors. As Heffington concedes, that argument is foreclosed. *See United States v. Diaz*, 838 F.3d 968, 975 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 839 (2017) (post-conviction state actions do not disturb a prior federal sentencing enhancement under 21 U.S.C. § 841). Heffington argues that *Diaz* was wrongly decided, but we can only overrule a prior decision by a three-judge panel when there is clearly irreconcilable intervening higher authority, which is absent in this case. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 979 (9th Cir. 2012).

Heffington also seeks en banc review of *Diaz*, a petition he does not have standing to submit. *See* 9th Cir. R. 35(b). Moreover, the *Diaz* panel already denied petitions for panel rehearing and rehearing en banc, and ordered that no subsequent petitions for rehearing en banc may be filed. *See Diaz*, 838 F.3d at 970.

Nothing in this disposition precludes Heffington from filing a petition for rehearing en banc in this case pursuant to the applicable rules.

**AFFIRMED.**

16-15906