**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10481 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 4:17-cr-01601-JGZ-JR-1 |
| JUAN CARLOS BERMUDEZ-ZAMORA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

Before: N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,[**] District Judge.

Juan Bermudez-Zamora appeals from his 21-month sentence for illegal reentry under 8 U.S.C. § 1326(a). He argues that the district court erred in calculating his advisory sentencing range when it imposed a ten-level enhancement

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

under U.S.S.G. § 2L1.2(b)(3)(A) based on his 2005 California conviction for petty theft with priors. We affirm.

Section 2L1.2(b)(3) requires a ten-level increase if, after a first deportation, "the defendant engaged in criminal conduct that, at any time, resulted in—(A) a conviction for a felony offense . . . for which the sentence imposed was five years or more." The district court imposed the ten-level increase based on Bermudez-Zamora's prior conviction, which all parties agree was a felony in 2005, and for which he received a seven-year sentence. In 2015, however, Bermudez-Zamora successfully petitioned California to redesignate his conviction as a misdemeanor "for all purposes" pursuant to Proposition 47. *See* Cal. Penal Code § 1170.18(k). Because this reclassification took place before Bermudez-Zamora illegally reentered in 2017, he argues § 2L1.2(b)(3)(A) does not apply.

Bermudez-Zamora's argument fails as a textual matter. After his 1997 deportation, he undeniably engaged in criminal conduct that, in 2005, "resulted in . . . a conviction for a felony offense . . . for which the sentence imposed was five years or more." The fact that California later reconsidered its sentencing regime "does not alter the historical fact of the prior state conviction." *United States v. Diaz*, 838 F.3d 968, 974 (9th Cir. 2016) (internal citations and alterations omitted). Nor can we find in § 2L1.2(b)(3) any support for Bermudez-Zamora's contention that we should evaluate the status of his state conviction as of the time

he committed the federal offense, rather than the time of the original criminal conduct. *Cf. McNeill v. United States*, 563 U.S. 816, 820 (2011) (looking to "the law that applied at the time of [the predicate] conviction" for purposes of the Armed Career Criminal Act).

Imposing the enhancement prescribed by § 2L1.2(b)(3) does not violate Bermudez-Zamora's due process or equal protection rights. California's decision to reclassify his offense does not render his original conviction or sentence invalid; thus, relying on the 2005 conviction and sentence does not violate the Due Process Clause. *See Johnson v. United States*, 544 U.S. 295, 302–03 (2005). And this court has repeatedly held that there is no equal protection violation when defendants who commit the same crimes at different times receive different sentences because of changes in sentencing policy. *See McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991).

**AFFIRMED.**