**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50152 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-03319-LAB-1 |
| v. | |
| JONATHAN MAGANA, | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 9, 2021[**]
Pasadena, California

Before: MURGUIA, BADE, and LEE, Circuit Judges.

Defendant Jonathan Magana pled guilty to importation of methamphetamine

in violation of 21 U.S.C. §§ 952 and 960. He now appeals the district court's denial

of his minor role reduction request and the court's determination that he was eligible

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for a "career offender" sentencing enhancement. We have jurisdiction under 28 U.S.C. § 1291, and we now affirm.

1. The district court properly denied Magana's request for a minor role adjustment. We review de novo a district court's interpretation of the United States Sentencing Guidelines, review for clear error its factual findings, and review for abuse of discretion its application of the Guidelines to those facts. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Here, the district court correctly identified the relevant Guidelines factors to evaluate Magana's request for a minor role adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

Moreover, it was not "illogical, implausible, or without support in inferences that may be drawn from the record" for the district court to conclude that Magana registered the Silverado truck that was used to transport drugs. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The district court thus reasonably concluded that this sort of preplanning activity militated against a downward adjustment. And it did not abuse its discretion in determining that Magana failed to demonstrate that he was "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A).

Further, as the district court emphasized, Magana's prior violent criminal history, coupled with the extraordinary amount of methamphetamine found in the truck, can independently support denying Magana's request. *See United States v.*

2

*Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); s*ee also United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011) (holding that a district court did not abuse its discretion when "justifiably skeptical that [the] amount of drugs [in question] would be entrusted to a minor player").

2.    The district court did not err in determining that Magana's 2005 state felony conviction for marijuana possession qualified as a predicate for career offender status under Section 4B1.1. Under Section 4B1.1, a defendant qualifies if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.1(a) automatically increases a "career offender's" criminal history category to VI and provides a variable base offense level that applies if a lower one would otherwise apply to the defendant. *Id.* § 4B1.1(b). In 2005, a California state court convicted Magana of felonious marijuana possession under California Health and Safety Code Section 11359. In 2009, Magana pled guilty to felonious assault with a deadly weapon.

But in November 2014, California codified Proposition 47, which reclassified certain future marijuana offenses from felonies to misdemeanors. Cal. Penal Code § 1170.18. It also allows those previously convicted under Section 11359 to petition the court of conviction to reclassify certain felony convictions as misdemeanors. *Id.* § 1170.18(a). Magana availed himself of this process prior to committing the instant

offense.

But "[f]ederal law, not state law, governs our interpretation of federal statutes." *United States v. Diaz*, 838 F.3d 968, 972 (9th Cir. 2016). And in construing the Guidelines, we have previously held that we must engage in a "backward-looking inquiry" to the original nature of the conviction. *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1086 (9th Cir. 2021). That inquiry confirms that Magana faced and received a felony conviction in 2005.

Magana argues that in *Diaz* the defendant had attempted to retroactively reclassify his state convictions to misdemeanors after he had already been sentenced in federal court. *See generally Diaz*, 838 F.3d at 971-72. In contrast here, Magana argues, the California state court reclassified his marijuana offense to a misdemeanor before his most recent felony conviction. But in *McNeill v. United States*, the Supreme Court nevertheless held that an analogous statute applied to a defendant, even though the reclassification of his offenses had occurred about a decade and a half before his most recent conviction. 563 U.S. 816, 823 (2011).

The Court's reasoning applies here with equal force. Even though Section 4B1.1 of the Guidelines uses the "present tense" in describing predicate offenses, we still must engage in a "backward-looking" analysis of what the law was "at the time of that conviction." *Id.* at 820. When Magana committed his 2005 offense, California law treated it as, and convicted him of, a felony. Thus, under the

4

Guidelines, Magana committed a felony, not a misdemeanor, and qualified as a "career offender."[1]

**AFFIRMED**.

---

[1] Magana also contends that this decision would violate the Eighth and Tenth Amendments, as well as the Full Faith and Credit Clause. These arguments are meritless. Though the Eighth Amendment prohibits sentences longer than authorized by law and those premised on material falsehoods in the record, that is not what happened here. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). The Tenth Amendment provides no relief for Magana because, under the Supremacy Clause, federal, rather than state, law reigns supreme. Finally, by its text, the Full Faith and Credit Clause only requires "each State" to give "Full Faith and Credit" to "the public Acts, Records, and judicial Proceedings of every other State." U.S. Const., Art IV, sec. 1. A federal court thus is not bound to follow a state court's later reclassification of an offense.