**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

HICKORY WESLEY McCOY,

     Defendant - Appellant.

No. 13-4137
(D.C. No. 2:12-CR-00218-TS-DBP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

Defendant-Appellant Hickory McCoy appeals from the district court's order denying his motion to suppress and the district court's final judgment of conviction. Exercising our jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

**BACKGROUND**

The issues on appeal flow from a routine traffic stop of McCoy's vehicle that Utah Highway Patrol Trooper Randy Riches conducted in 2012. According to Trooper Riches, who testified at the suppression hearings before the district court, he first saw McCoy's vehicle in his rearview mirror as McCoy, who was traveling eastbound in the left lane of Interstate 80, approached Trooper Riches's patrol car,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which was parked on the right-hand side of the road on eastbound Interstate 80. A second vehicle was traveling directly behind McCoy, and a third vehicle was traveling in the right eastbound lane slightly in front of, and faster than, McCoy. Trooper Riches estimated that the tail vehicle was following McCoy at a distance of approximately one-and-a-half seconds. Given this close proximity, Trooper Riches believed that McCoy was violating Utah's left-lane statute, see Utah Code § 41-6a-704, which prohibits vehicles in the left lane from impeding traffic behind them.[1]

After observing what he believed to be a traffic violation but without activating his emergency lights or siren, Trooper Riches pulled into the right lane, accelerated rapidly, and followed the trio of vehicles for approximately a mile and a half. According to Trooper Riches, McCoy had an opportunity to move over to the right lane during this time but failed to do so. Upon stopping McCoy, Trooper Riches detected a faint odor of marijuana. Trooper Riches thereafter requested a drug-sniffing dog. The dog indicated at the odor of narcotics, so Trooper Riches searched McCoy's vehicle.

Trooper Riches's search uncovered marijuana, drug paraphernalia, a handgun, and ammunition, and as a result, McCoy was charged with possession of marijuana with intent to distribute (Count 1), possession of a firearm in furtherance of a drug-

---

[1] Under section 41-6a-704(3), when one vehicle is following directly behind a leading left-lane vehicle at a distance of *less than two seconds*, it is prima facie evidence that the leading vehicle is violating the left-lane statute.

trafficking crime (Count 2), and felon in possession of a firearm and ammunition (Count 3). All three counts also included aiding and abetting charges.

Before trial, McCoy filed a motion to suppress the evidence found in his vehicle. Specifically, McCoy argued that the initial traffic stop was invalid at its inception, and therefore unconstitutional, because (1) Trooper Riches did not have a reasonable suspicion that a traffic violation was occurring or had occurred, and (2) Trooper Riches effectively prevented McCoy from moving into the right lane by pursuing the trio of vehicles. The district court denied the motion after holding an evidentiary hearing, finding that Trooper Riches's testimony established that he possessed a reasonable articulable suspicion to initiate the traffic stop and that his patrol car did not prevent McCoy from moving into the right lane. The district court also found that the evidence supported Trooper Riches's testimony.

A jury trial followed. At the close of evidence, McCoy and the Government submitted joint jury instructions to the district court. The jury ultimately found McCoy guilty on all three counts charged in the indictment, and the district court entered a final judgment sentencing McCoy to 200 months' imprisonment. McCoy filed a timely notice of appeal, challenging both the district court's order denying his motion to suppress and the district court's final judgment of conviction.

## ANALYSIS

### I. Motion to Suppress

Where, as here, an officer initiates a traffic stop for a suspected violation of the law, the stop is justified under the Fourth Amendment only if the officer

3

possessed a "reasonable suspicion" that the particular person stopped was breaking the law. Heien v. N. Carolina, 135 S. Ct. 530, 536 (2014). In denying McCoy's motion to suppress the evidence found in his vehicle, the district court concluded that the stop of McCoy's vehicle was constitutional because Trooper Riches possessed a reasonable suspicion that McCoy had violated Utah's left-lane statute. On appeal, McCoy urges us to reverse the district court's order denying his motion to suppress because, according to McCoy, the district court's reasonable-suspicion determination was erroneous.

First, McCoy argues that the dash-cam video from Trooper Riches's patrol car contradicts the district court's finding that Trooper Riches did not prevent McCoy from moving into the right lane, thereby undermining the district court's reasonable-suspicion determination. We review a district court's factual findings on a motion to suppress for clear error. See United States v. Cash, 733 F.3d 1264, 1273 (10th Cir. 2013) ("A district court's factual finding is clearly erroneous when it is without factual support in the record or if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made."). Having reviewed the dash-cam video, which is consistent with Trooper Riches's testimony, we can easily conclude that the district court's factual finding is not clearly erroneous.

Second, McCoy argues that both the district court and Trooper Riches misinterpreted the left-lane statute, thereby rendering the district court's reasonable-suspicion-finding objectively unreasonable. Importantly, however, McCoy did not specifically raise a mistake-of-law argument before the district court. See United

4

States v. Burke, 633 F.3d 984, 987 (10th Cir. 2011) (holding that the defendant, who filed a timely motion to suppress evidence based on an alleged Fourth Amendment violation in the district court but failed particularly to argue that the detective's affidavit was inadequate to provide the magistrate judge with probable cause, waived his affidavit argument on appeal pursuant to Fed. R. Crim. P. 12(e)[2]). Although there is a narrow good-cause exception to waiver in this context, id. at 988, McCoy did not argue that he is entitled to this exception.[3] We therefore deem his mistake-of-law argument waived on appeal.[4] See United States v. Hamilton, 587 F.3d 1199, 1216 (10th Cir. 2009) (refusing to apply the good-cause exception to waiver because the defendant made no showing of cause in his opening brief and declined to make such a showing in a reply brief even though the government affirmatively argued that the defendant had waived his suppression arguments).

---

[2] The 2014 amendments to Fed. R. Crim. P. 12 (effective Dec. 1, 2014) relocated 12(e) to a new paragraph, 12(c)(3). This relocation did not substantively alter 12(e). See Fed. R. Crim. P. 12 advisory committee's notes, 2014 amendments ("New paragraph 12(c)(3) retains the existing standard for untimely claims. The party seeking relief must show 'good cause' for failure to raise a claim by the deadline, a flexible standard that requires consideration of all interests in the particular case.").

[3] Although the Government affirmatively asserted waiver both in its response brief and during oral argument, McCoy declined to explain his failure to raise a mistake-of-law argument below.

[4] Moreover, McCoy's mistake-of-law argument necessarily fails to the extent it relies upon circuit precedent that is at odds with the Supreme Court's recent decision in Heien v. North Carolina, 135 S. Ct. 530, 536 (2014) (holding that an officer's reasonable mistake of law *can* give rise to the reasonable suspicion necessary to justify a traffic stop under the Fourth Amendment).

Accordingly, we affirm the district court's order denying McCoy's motion to suppress.

## II. Final Judgment

McCoy next argues that the district court's final judgment of conviction was tainted by an erroneous jury instruction. Specifically, McCoy argues that reversal is warranted because Instruction 26—the aiding-and-abetting instruction—contained language similar to the aiding-and-abetting instruction that the Supreme Court rejected in <u>Rosemond v. United States</u>, 134 S. Ct. 1240, 1251–52 (2014) (holding that the district court's aiding-and-abetting instruction for 18 U.S.C. § 924(c) (prohibiting the use or carry of a firearm during any crime of violence or drug trafficking crime) was flawed because it failed to explain that the defendant needed advance knowledge of a firearm's presence).

Where, as here, a challenged jury instruction was not objected to below, our review is ordinarily for plain error. <u>See</u> <u>United States v. Sturm</u>, 673 F.3d 1274, 1281 (10th Cir. 2012). Importantly, however, "not every unpreserved claim of error is entitled to plain-error review." <u>United States v. Teague</u>, 443 F.3d 1310, 1314 (10th Cir. 2006). For example, under the invited-error doctrine, "this Court will not engage in appellate review when a defendant has waived his right to challenge a jury instruction by affirmatively approving it at trial." <u>United States v. Cornelius</u>, 696 F.3d 1307, 1319 (10th Cir. 2012).

Here, the Government argues that McCoy waived his right to challenge Instruction 26 because he and the Government jointly proposed this instruction.[5] McCoy does not contest this assertion. We have consistently applied the invited-error doctrine to find waiver when a defendant proffered the jury instruction that he later attacks on appeal. See, e.g., United States v. Harris, 695 F.3d 1125, 1130 n.4 (10th Cir. 2012) (explaining that a defendant knowingly and voluntarily waives the right to attack the sufficiency of a jury instruction when he proffers his own instruction and persuades the court to adopt it); Sturm, 673 F.3d at 1281 (concluding that the defendant was barred from attacking the sufficiency of an instruction that he proffered himself); United States v. Visinaiz, 428 F.3d 1300, 1310–11 (10th Cir. 2005) (concluding that the defendant was barred from attacking the sufficiency of an instruction that he approved after the district court adopted his proffered modifications). We therefore conclude that McCoy waived his jury-instruction argument under the invited-error doctrine.

Accordingly, we affirm the district court's final judgment of conviction.

---

[5] The district court made a few very minor alterations to the parties' proposed aiding-and-abetting instruction, but these changes did not impact the foreknowledge issue McCoy challenges on appeal and there is no indication in the record that McCoy objected to these small changes below.

## CONCLUSION

For these reasons, we affirm the district court's order denying McCoy's motion to suppress and the district court's final judgment of conviction.

Entered for the Court


David M. Ebel
Circuit Judge