**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HICKORY WESLEY McCOY,

    Defendant - Appellant.

No. 16-4179
(D.C. Nos. 2:16-CV-00487-TS and
2:12-CR-00218-TS-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Hickory McCoy, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") to challenge the denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

McCoy was convicted by a jury of possession of marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. The charges arose from a traffic stop of McCoy's vehicle by Utah Highway Patrol Trooper Randy Riches. Riches stopped McCoy for violating Utah's left-lane statute, see Utah Code § 41-6a-704, which

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prohibits vehicles in the left lane from impeding traffic. A search of McCoy's vehicle revealed marijuana, drug paraphernalia, a handgun, and ammunition.

Prior to trial, defense counsel filed a motion to suppress, arguing Riches lacked justification for conducting the traffic stop. The motion was denied. We affirmed on direct appeal. United States v. McCoy, 614 F. App'x 964 (10th Cir. 2015) (unpublished). McCoy subsequently filed a § 2255 motion. The district court denied habeas relief and declined to issue a COA. McCoy now seeks a COA from this court.

## II

To appeal the district court's denial of § 2255 relief, McCoy must obtain a COA. § 2253(c)(1)(B). We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

McCoy asserts two related ineffective assistance of counsel claims. To prevail he must demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

2

McCoy claims that defense counsel's performance with respect to the motion to suppress was deficient because he failed to convince the court that Riches lacked reasonable suspicion to conduct a traffic stop. First, McCoy contends defense counsel inadequately argued the motion to suppress because he failed to argue that McCoy was not actually impeding traffic. Second, McCoy argues defense counsel was ineffective by failing to retain an expert to present testimony regarding when an officer has reasonable suspicion to conduct a traffic stop based on a violation of Utah's left-lane statute.

We agree with the district court that, even if McCoy could show his counsel's conduct was deficient, he has not established prejudice. McCoy challenged the denial of the motion to suppress on direct appeal. His appellate counsel argued Riches lacked reasonable suspicion to stop McCoy because McCoy was not impeding traffic, and thus there was no traffic violation. We affirmed, concluding that the dash-cam video and Riches' testimony supported the district court's factual finding as to Riche's reasonable-suspicion determination. McCoy, 614 F. App'x at 966-67. We do not discern a reasonable probability that McCoy's motion to suppress would have been granted regardless of any alternative arguments presented by counsel. Further, because the existence of reasonable suspicion is a question of law, see United States v. Gordon, 168 F.3d 1222, 1225 (10th Cir. 1999), any expert testimony would have been of limited value, see Specht v. Jensen, 853 F.2d 805, 808 (10th Cir. 1988).

**III**

For the foregoing reasons we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge