**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HICKORY WESLEY McCOY,

    Defendant - Appellant.

No. 18-4057
(D.C. Nos. 2:16-CV-00487-TS &
2:12-CR-00218-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Hickory Wesley McCoy, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's decision construing

his motion for relief under Fed. R. Civ. P. 60(b) as an unauthorized second or

successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction. For

the reasons that follow, we grant a COA, vacate the district court's dismissal order,

and remand for the district court to consider the Rule 60(b) motion on the merits.

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

A jury found McCoy guilty of possession of marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. The charges arose from a traffic stop of McCoy's vehicle. The officer stopped McCoy for violating Utah's left-lane statute, which prohibits vehicles in the left lane from impeding traffic, *see* Utah Code Ann. § 41-6a-704. Prior to trial, McCoy's counsel moved to suppress the evidence discovered from the search of the vehicle—marijuana, drug paraphernalia, a handgun, and ammunition.

The district court denied the motion to suppress. McCoy appealed from the denial of his motion to suppress and the district court's judgment of conviction. We affirmed. *United States v. McCoy*, 614 F. App'x 964, 965 (10th Cir. 2015).

He subsequently filed a § 2255 motion in which he asserted four claims for relief: 1) pre-trial counsel provided ineffective assistance by failing to raise arguments that addressed the reasonable suspicion standard; 2) pre-trial counsel provided ineffective assistance by not retaining expert services in relation to the motion to suppress; 3) the district court erred in ruling on the motion to suppress by failing to find or hold McCoy impeded traffic in the left lane and misconstruing the argument in his suppression memorandum; and 4) appellate counsel provided ineffective assistance by raising the impediment issue as a mistake of law argument when it had not been preserved for appeal. The district court denied the three claims for ineffective assistance of counsel on the merits. *See* R., Vol. 1 at 59-63. The

2

district court did not reach the merits of the third claim (the "suppression-order" claim). The court explained that McCoy had challenged the district court's decision to deny the motion to suppress on direct appeal and, under § 2255, he was not permitted to "raise issues that ha[d] been previously considered and disposed of on direct appeal." *Id*. The court therefore determined the suppression-order claim was procedurally barred and it did not reach the merits of the claim. *Id*. at 62. We denied McCoy's request for a COA to appeal from the district court's decision on his § 2255 motion. *United States v. McCoy*, 671 F. App'x 715, 715 (10th Cir. 2016).

McCoy then filed the underlying motion seeking relief under Rule 60(b). The district court determined that the Rule 60(b) motion should be construed as a second or successive § 2255 motion. Because McCoy had not received authorization from this court to file a second or successive § 2255 motion, the district court dismissed it for lack of jurisdiction.

II. Discussion

A. *COA Analysis*

To appeal from the district court's decision, McCoy must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court decided the Rule 60(b) motion on a procedural ground, McCoy must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

3

*McDaniel*, 529 U.S. 473, 484 (2000). We conclude McCoy has satisfied both prongs of the *Slack* test.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A Rule 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion may not be treated as a successive § 2255 motion if it "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination . . . ; or (2) challenges a defect in the integrity of the federal habeas proceeding." *Id*. at 1216.

A Rule 60(b) motion that challenges a district court's procedural ruling that a claim is procedurally barred—thereby precluding a merits determination—should be treated as a Rule 60(b) motion and not a successive § 2255 motion. *Id*. A Rule 60(b) motion that contends that a district court failed to rule on a § 2255 claim that was properly presented to it is asserting a defect in the integrity of the § 2255 proceedings and should be treated as a Rule 60(b) motion, not a second or successive § 2255 motion. *Id*. at 1225.

4

In McCoy's Rule 60(b) motion, he argued that the district court "failed to rule" on an issue he raised in his § 2255 motion—that the district court erred in its order denying the motion to suppress by failing to find or rule that he impeded traffic in the left lane—"based upon the erroneous conclusion that the issue was raised on direct appeal and ruled on by the Tenth Circuit Court of Appeals." R., Vol. 1 at 72-73.

In his COA application, he asserts that his Rule 60(b) motion should not be treated as a second or successive § 2255 motion because he "argued that the district court erred in failing to consider one of the habeas claims in his 2255." COA Appl. at 1. He further explained that he raised the suppression-order claim in his § 2255 motion, "however the district court did not consider this claim[,] [s]tating that the issue . . . had been previously ruled on, on direct appeal." *Id*. at 2.

Although McCoy appears to be mixing together two bases for challenging the district court's decision in a Rule 60(b) motion—an erroneous procedural ruling that precluded a merits determination and a failure to rule on an issue that was properly presented—"[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's . . . confusion of various legal theories . . . ." *Id*. Considering McCoy's Rule 60(b) motion and COA application under this standard, he alleged a valid basis for relief under Rule 60(b)—a challenge to the district court's procedural ruling that the suppression-order claim in his § 2255

5

motion was procedurally barred, which precluded a merits determination of that claim. *See Spitznas*, 464 F.3d at 1216. Reasonable jurists could therefore debate the district court's decision to treat his Rule 60(b) motion as a second or successive § 2255 motion and to dismiss it for lack of jurisdiction.

Regarding the other prong of the *Slack* test, "[w]e will only take a 'quick' look at the federal habeas petition to determine whether [the petitioner] has facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (brackets and internal quotation marks). McCoy's Rule 60(b) claim arises from the claim in his underlying § 2255 motion that the district court erred in denying his motion to suppress because the traffic stop was not objectively justified. *See Dulworth v. Jones*, 496 F.3d 1133, 1137-38 (10th Cir. 2007), *abrogated in part by Harbison v. Bell*, 556 U.S. 180 (2009) (explaining that when considering a COA application from a procedural ruling involving a Rule 60(b) motion, the source of the constitutional claim is the underlying habeas petition). Reasonable jurists could debate whether this § 2255 claim states a valid claim for the denial of a constitutional right. *See Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) ("A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment."). Because McCoy has satisfied both prongs of the *Slack* test, we grant a COA.

B. *District Court's Decision Dismissing the Rule 60(b) Motion*

In the decision now before us on appeal, the district court explained that in his § 2255 motion, McCoy "argued, among other things, that the Court's ruling on the

6

motion to suppress was erroneous. In particular, Petitioner argued that the suppression order failed to find or hold that Petitioner impeded traffic in the left lane." R., Vol. 1 at 77. The district court then stated that it had "rejected Petitioner's argument" in its order denying the § 2255 motion because "it had found that Petitioner committed a left-lane violation, which 'necessarily included the finding that Petitioner impeded traffic.'" *Id*. (quoting R., Vol. 1 at 61 (Docket 10 at 4)). The court then characterized McCoy's Rule 60(b) motion as "continu[ing] to challenge the Court's ruling on the suppression issue in his criminal case" and thus "asserting a federal basis for relief from his underlying conviction." *Id*. at 79. The court therefore construed McCoy's Rule 60(b) motion as a second or successive § 2255 motion.

We conclude the district court erred in construing McCoy's Rule 60(b) motion as a second or successive § 2255 motion. The district court's description of the § 2255 proceedings fails to acknowledge that the court ruled that the suppression-order claim was procedurally barred. Instead, the court's description of its resolution of the suppression-order claim noted above makes it seem as though it resolved that claim on the merits. *See* R., Vol. 1 at 77. But the quotation from its order denying the § 2255 motion that the court provides to support its statement that it "rejected" the suppression-order claim is from its analysis denying the first claim for ineffective assistance of counsel, not from its discussion of the suppression-order claim. *Compare id*. (quoting Docket 10 at 4), *with id*. at 61 (Docket 10 at 4) (denying first claim for ineffective assistance of counsel), *and id*. at 62 (Docket 10 at

7

5) (concluding that suppression-order claim was procedurally barred). Although it is possible that statements the district court made in its § 2255 decision resolving the first claim for ineffective assistance of counsel on the merits could also support a ruling on the merits of the suppression-order claim, the court did not actually rule on the merits of the suppression-order claim.

Because the district court did not reject McCoy's suppression-order claim on the merits but instead concluded that the claim was procedurally barred, McCoy could properly raise a challenge to the court's procedural ruling in his Rule 60(b) motion. And his Rule 60(b) motion stated a facially valid basis for seeking relief under Rule 60(b)—that "[t]he district court failed to rule on the [suppression-order] issue based upon the erroneous conclusion that the issue was raised on direct appeal and ruled on by the Tenth Circuit Court of Appeals." *Id*. at 73. McCoy's challenge to the district court's procedural-bar ruling was properly brought in a Rule 60(b) motion and the district court had jurisdiction to consider it on the merits.

III. Conclusion

We have explained that when a district court improperly characterizes a Rule 60(b) motion as a second or successive petition, we will remand to permit the district court to address the Rule 60(b) motion in the first instance. *Spitznas*, 464 F.3d at 1219. Accordingly, we vacate the district court's dismissal order and remand for the district court to consider the merits of the Rule 60(b) motion.

McCoy's request to proceed on appeal *in forma pauperis* is denied as moot. The relevant statutory provision, 28 U.S.C. § 1915(a)(1), does not permit litigants to

avoid payment of fees, only *prepayment* of those fees.  Since we have reached the merits of this matter, prepayment of fees is no longer an issue.  McCoy remains obligated to pay all filing and docketing fees.  He is directed to pay the fees in full to the Clerk of the District Court for the District of Utah.

Entered for the Court
Per Curiam