FILED
United States Court of Appeals
Tenth Circuit

February 1, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HICKORY WESLEY McCOY,

Defendant - Appellant.

No. 17-4203
(D.C. Nos. 2:17-CV-01176-TS and
2:12-CR-00218-TS-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Hickory McCoy, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2255

motion. For the reasons discussed below, we deny McCoy's COA request and dismiss

this appeal.

---

* This order isn't binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because McCoy appears pro se, we liberally construe his filings. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we won't act as his advocate. *See id.*

## Background

On June 26, 2013, a jury convicted McCoy of possession of marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm and ammunition. He was sentenced as a career offender to 200 months in prison based on his qualifying predicate convictions for possession of marijuana for sale and robbery. *See* U.S.S.G. § 4B1.1 (defining career offender subject to enhanced sentence as a defendant who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense"). McCoy appealed, and this court affirmed. *United States v. McCoy*, 614 F. App'x 964, 968 (10th Cir. 2015). McCoy then sought relief under § 2255, arguing that his trial counsel had provided ineffective assistance. The district court denied relief, and this court denied a COA and dismissed the appeal. *United States v. McCoy*, 671 F. App'x 715, 716 (10th Cir. 2016).

In November 2014 California adopted Proposition 47, Cal. Penal Code § 1170.18. "Among other things, Proposition 47 . . . permits previously-convicted defendants to petition the court for a 'recall of sentence,' which, if granted would effectively reclassify their qualifying felonies as misdemeanors." *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016). McCoy applied for relief under Proposition 47 to have his California felony conviction for possession of marijuana for sale reclassified as a misdemeanor.[2] He

---

[2] McCoy represents that he has been unable to confirm that his felony marijuana conviction was reclassified as a misdemeanor because he has been in prison lockdown. Our resolution of his claims isn't dependent on the outcome of the California state proceedings.

then filed the instant § 2255 motion,[3] arguing that (1) his predicate felony controlled-substance offense has been, or will be, reclassified as a misdemeanor, (2) he no longer qualifies as a career offender under U.S.S.G. § 4B1.1, and (3) his sentence should be reduced. The district court denied McCoy's motion and his request for a COA. McCoy now seeks a COA from this court so he can appeal the district court's order denying his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B).

## Analysis

To obtain a COA, McCoy must "ma[k]e a substantial showing of the denial of a constitutional right." § 2253(c)(2). And to make that showing, he must "demonstrate that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

McCoy contends that reclassifying his felony conviction for possession of marijuana for sale as a misdemeanor means that he no longer falls within the definition of a career offender under U.S.S.G. § 4B1.1. He argues that reasonable jurists could debate whether his 200-month sentence as a career offender must be reduced. Thus, he concludes, he is entitled to a COA. *See Slack*, 529 U.S. at 484.

---

[3] Although this is McCoy's second § 2255 motion, it isn't subject to § 2255(h)'s authorization requirement. *Compare* § 2255(h) (requiring authorization from "appropriate court of appeals" before defendant can file "second or successive" § 2255 motion), *with In re Weathersby*, 717 F.3d 1108, 1110-11 (10th Cir. 2013) (explaining that movant's second § 2255 motion wasn't "second or successive" for purposes of § 2255(h) because state court didn't "vacate [movant's] convictions until after his first § 2255 proceedings were concluded" and basis for movant's second motion therefore "did not exist when" movant filed initial § 2255 motion).

3

But McCoy didn't make a constitutional argument in his § 2255 motion. Instead, he advanced an issue of statutory interpretation. Specifically, he asserted that his California conviction for possession of marijuana for sale no longer qualifies as a predicate "prior felony conviction" under U.S.S.G. § 4B1.1 because it is now a misdemeanor conviction.

McCoy was free to advance this statutory claim in district court. But he is only entitled to a COA to appeal the district court's resolution of that claim if he can "ma[k]e a substantial showing of the denial of a *constitutional* right." § 2253(c)(2) (emphasis added); *see also United States v. Taylor*, 454 F.3d 1075, 1078-79 (10th Cir. 2006) ("[N]o matter how clearly the § 2255 movant can show that the district court erred in denying a statutory claim," movant isn't "entitled to a COA" unless he or she makes substantial showing of denial of constitutional right). Thus, to the extent McCoy argues reasonable jurists could disagree with the district court's conclusion that reclassifying his California possession-of-marijuana-for-sale conviction didn't change the historical fact that he qualified as a career offender when sentenced, he isn't "entitled to a COA" on that basis. *Taylor*, 454 F.3d at 1079.

We recognize that McCoy's § 2255 motion included the phrase, "[u]nconstitutional sentence." R. Vol. 1, at 5. The motion didn't contain any development of a constitutional claim, however, and the district court didn't address any constitutional issues. "[S]uch perfunctory presentation deprives the trial court of its opportunity to consider and rule on an issue in any detail." *Simpson v. Carpenter*, 912 F.3d 542, 565 (10th Cir. 2018) (internal quotation marks omitted). We conclude that

4

McCoy failed to present a constitutional issue to the district court. And to the extent he attempts to argue to this court that his sentence violates due process, we decline to address this argument because he failed to advance it below. *See United States v. Viera*, 674 F.3d 1214, 1216, 1220 (10th Cir. 2012) (citing "our general rule against considering issues for the first time on appeal" and declining to address arguments for COA that pro se applicant failed to raise in district court).

Accordingly, we deny McCoy's request for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge